Roger Dale **CHISOM,** Plaintiff-in-Error,

v.

**STATE of Tennessee,** Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

April 2, 1976.

Certiorari Denied by Supreme Court
July 6, 1976.

James L. Hicks, Nashville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Michael D. Noel, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

DUNCAN, Judge.

The defendant brings this appeal contesting his conviction in the Davidson County Criminal Court for the offense of escape from the penitentiary, for which he received a 6 months workhouse sentence. The defendant's indictment and conviction were based on the provisions of T.C.A.

§ 39–3802, which section provides as follows:

"If any inmate serving a term under the direct or indirect custody and supervision of the department of correction, or other state division or agency, or on furlough granted pursuant to § 41–356, shall escape or attempt to escape, he shall be indicted for an escape, and on conviction, be punished by imprisonment in the penitentiary for a term of one (1) to five (5) years to commence from and after the expiration of the original term."

The defendant first complains of the legal sufficiency of the convicting evidence. His counsel does not elaborate on this assignment in his brief and argument, other than to comment that the assignment "is submitted to the wisdom of the court." Likewise, we see no need to say anything, other than that the evidence conclusively shows that the defendant was in lawful custody at the state penitentiary, after having been convicted of rape, and that he did escape. The assignment is overruled.

In his second assignment of error, the defendant complains that the court erred in overruling his plea in abatement charging governmental misconduct, in that his escape was a result of the penitentiary officials working him outside of the bounds of the penitentiary, in contravention to the provisions of T.C.A. § 41–327. This code section provides that no murderer or rapist is allowed to work "outside of the prison bounds of the penitentiary, unless by direction of the commissioner of correction."

This assignment is unmeritorious for two reasons. First, even if the prison officials were working this defendant outside the prison bounds of the penitentiary in contravention to the provisions of this section, that would amount to nothing more than administrative misconduct and would not have given the defendant a license to escape. The defendant cites no authority for this insistence and rightly so, for there is none. Second, contrary to the defendant's insistence, the evidence in this case shows that the defendant's escape was from

within the prison bounds of the penitentiary. Testimony of one of the guards, James H. Watts, Jr., was that the defendant escaped while assigned to a work detail, "cleaning out fence rows," on "Farm Road," such area being "part of the Tennessee State Penitentiary grounds." The assignment is overruled.

■ Next, the defendant argues that it was error for the court to require him to stand trial in prison clothes.

On the day of the trial, the defendant's counsel, apparently for the first time, requested that he be tried in street clothes rather than prison clothes, which request was denied. The defendant was being tried for an escape, and the jury was well aware from the evidence that he was an inmate of the penitentiary. One of the elements of the offense of escape, which the State was required to prove, was his incarceration. Thus, his attire did not tell the jury anything about his status that they did not learn from other competent evidence. The proof of the defendant's guilt was overwhelming, and the small sentence imposed upon the defendant by the jury affirmatively shows that he was not prejudiced by the manner in which he was dressed. The error is harmless. T.C.A. § 27–117. This assignment is overruled.

Next, the defendant says that the State failed to prove that he was lawfully confined in the penitentiary, insisting that his confinement was pursuant to an invalid judgment.

The State introduced into evidence the order of the trial court committing the defendant to the state penitentiary. This order recited that the defendant had been convicted of rape and given a 15 year penitentiary sentence; that he was being held without bail, pending his motion for a new trial and/or appeal; that for safekeeping reasons, and by authority of T.C.A. § 40–3108, he was to be removed from the Coffee County Jail to the state penitentiary, pending the further order of the court.

■ Clearly, the trial judge was within his authority to commit the defendant to the penitentiary, pending the outcome of any attendant appellate proceedings in his case. T.C.A. §§ 40–3108 and 41–1125; *Burt v. State,* 2 Tenn.Cr.App. 408, 454 S.W.2d 182 (1970).

■ Equally as clear, the introduction into evidence of the court's order, referred to above, was sufficient proof to show that the defendant was lawfully in custody at the state penitentiary. T.C.A. § 41–718 provides that in escape trials, "copies of the records transmitted to the warden of the penitentiary, relative to the former trial of such prisoners, shall be presumptive evidence of the former conviction."

■ The defendant's insistence that he was unlawfully confined to the penitentiary by reason of an invalid judgment is not tenable. In the defendant's direct appeal from his rape conviction, our Court found that "no judgment upon the verdict of the jury was ever made and entered on the minutes of the court by the trial judge." Our Court dismissed his appeal and remanded the case to the trial court for pronouncement of a proper judgment. See *Roger Dale Chisom v. State,* unpublished, Tenn.Cr. App., opinion filed, Nashville, January 28, 1975. The defendant's rape conviction was neither approved nor disapproved in that decision. As a matter of interest, the record shows that subsequent to this Court's decision in that case, the defendant was returned to the trial court where he was re-sentenced and judgment was properly entered.

The fact that the trial court initially failed to enter the judgment on the minutes of the court, and the fact that the date of the defendant's escape occurred prior to the court entering a proper judgment, does not negate the defendant's conviction for escape. Those matters do not and cannot detract from the fact that the defendant was in lawful custody at the state penitentiary and that he escaped from such lawful custody.

An escape has been described as a departure from lawful custody. In 30A C.J.S. Escape § 2, at 876, we find the following language:

"The crime of escape has been defined as the voluntary departure of a person without force from the lawful custody of an officer or from any place where he is lawfully confined, as the unlawful departure of a prisoner from the limits of his custody or his acts in regaining his liberty before released in due course of law. A prisoner who gains his liberty from lawful custody before he is delivered therefrom by due process of law commits the crime of escape."

In 3 Wharton's Criminal Law and Procedure, § 1367, at 758 (1957), it is stated: ". . . An actual escape, that is, an escape in common meaning, takes place when a prisoner gets out of prison or any place in which he may be confined, or from and out of the authority in whose custody he is, and unlawfully regains his liberty, free from the authority and control of the power entitled to restrain him . . . ."

Black's Law Dictionary 639–40 (4th ed. 1957), defines the word "Escape" as:

"The departure or deliverance out of custody of a person who was lawfully imprisoned, before he is entitled to his liberty by the process of law."

In the present case, the State was only required to prove that the defendant was in lawful custody and that he did escape therefrom. As heretofore stated, the evidence conclusively shows that these elements were proved by the State. In our view, the matters that developed out of the defendant's direct appeal of his rape conviction are not germane to this escape conviction. The assignment is overruled.

■ We find no merit in the defendant's last assignment of error, in which he complains that the Attorney General in his argument before the jury referred to the defendant as a "convicted rapist." When the defendant objected to this statement, the trial judge cautioned the jury by saying: "We're not trying him on anything other than escaping."

Actually, the Attorney General was not telling the jury anything they did not already know. In order to show the defendant's custodial status, evidence was already before the jury to show his prior conviction for rape.

Moreover, since the proof was overwhelming to show his guilt of escape, and even if such comment by the Attorney General could be said to be error, it can only be considered to see if it affected the punishment meted out to the defendant by the jury. The facts in this case showed that the defendant effected his escape by driving a bus away from the prison work area to which he had been assigned. The bus was occupied by 12 other inmates, and as it departed, two of the guards found it necessary to fire their shotguns at the bus. The defendant was apprehended some 3 to 4 hours later. In spite of the aggravated facts and circumstances attendant to the defendant's escape, the jury fixed a small workhouse sentence of 6 months.

Thus, from these facts, and considering the lenient punishment assessed, we readily conclude that the Attorney General's comment in no way affected the jury in setting the defendant's punishment. We find that this statement had no effect upon the verdict of the jury to the prejudice of the defendant. The error, if any, was harmless. T.C.A. § 27–117; *Morrison v. State,* 217 Tenn. 374, 397 S.W.2d 826 (1965) Petition to Rehear (1966); *Harrington v. State,* 215 Tenn. 338, 385 S.W.2d 758 (1965).

We overrule the defendant's assignments of error and affirm the judgment.

GALBREATH and O'BRIEN, JJ., concur.