James Earl RAY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 24, 1978.

Certiorari Denied by Supreme Court Feb. 20, 1979.

682

Kenneth R. Krushenski, Oak Ridge, for appellant.

Brooks McLemore, Jr., Atty. Gen., William J. Haynes, Jr., Senior Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, William P. Phillips, Asst. Dist. Atty. Gen., Oneida, for appellee.

## OPINION

WALKER, Judge.

James Earl Ray, imprisoned under a 99-year sentence for first degree murder, was one of several inmates who escaped over the prison wall of Brushy Mountain penitentiary on June 10, 1977. He was recaptured on June 13 after bloodhounds led guards to the place he was hiding in the surrounding mountains. After his trial and conviction for escape, the trial judge sentenced him in accordance with the verdict to one to two years' imprisonment consecutive to his murder sentence.

In this appeal Ray urges that his escape conviction cannot stand because he has already been subjected to jeopardy in the proceedings before the prison disciplinary board, which he insists is a body whose function is best characterized as judicial. This contention is in direct conflict with *State ex rel. Turner v. Gore*, 180 Tenn. 333, 175 S.W.2d 317 (1943), where the court expressly distinguished the judicial function of a criminal prosecution from proceedings before prison authorities, which are administrative. The rule in federal courts is to the same effect that administrative disciplinary action by prison authorities does not preclude prosecution for escape on principles of double jeopardy. *United States v. Cluck*, 542 F.2d 728 (8th Cir. 1976); *United States v. Salazar*, 505 F.2d 72 (8th Cir. 1974). Thus, despite Ray's deprivation of good and honor time and his administrative segregation for a time pursuant to administrative proceedings, this escape prosecution does not run afoul of constitutional guarantees against double jeopardy.

Ray next attacks the weight of the evidence, urging that the evidence preponder-

ates against the jury's verdict, and that there is too much doubt and uncertainty in the proof to warrant his conviction under T.C.A. 39–3802. In this connection he argues that the minute book entry, which the state introduced, was improperly admitted as proof of the underlying conviction for which he was incarcerated. His objection to the minute entry is that it fails to specify in which court the March 10, 1969, proceedings concerning him occurred; and additionally, that the minutes are not the best evidence of a final conviction which the state could have adduced. Without proper proof that he was lawfully imprisoned, Ray says that he cannot be convicted of violating T.C.A. 39–3802.

The proof of Ray's guilt of escape is overwhelming. In his own testimony he conceded that he had built a ladder and escaped over the wall although he insisted that he did so because it was the only means of reopening his murder case.

As for the question of showing that Ray had been duly convicted, the certified minute entry signed by W. P. Battle, Judge, was introduced by the deputy clerk of the Criminal Court of Shelby County, who was the administrative assistant to the Clerk of the Criminal Court of Shelby County. This official testified as to the preparation and entry of the order with its signature by the trial judge. This minute entry shows that Judge Battle, whom we judicially know was judge of Division III of the Criminal Court of Shelby County, assumed the bench on March 10, 1969; that the appellant appeared in person and by counsel; that the jury was sworn and on arraignment the appellant pled guilty; after the testimony of five witnesses and a lengthy stipulated statement the jury returned its verdict of guilty of first degree murder and fixed Ray's punishment at 99 years in the penitentiary. On that verdict the court passed sentence ordering him to be delivered to the warden of the state penitentiary to be confined for 99 years. He was allowed credit for time in jail awaiting trial.

 Minutes are indigenous to courts of record; and when signed by a trial judge, they become the highest evidence of what has been done in the court. *Howard v. State,* 217 Tenn. 556, 560, 399 S.W.2d 738 (1965). The judgment and sentence here supplies the same information that this court found sufficient in *Chisom v. State,* 539 S.W.2d 831 (Tenn.Crim.App.1976). Although T.C.A. 41–718 allows copies of records sent to the warden as presumptive evidence of the former conviction, this alternative method does not detract from the authority of court minutes showing the judgment and sentence. There is therefore no deficiency in the proof of Ray's guilt and these assignments are overruled.

 Ray also urges that the proof did not conform to the specific allegation of the indictment that he was lawfully confined in the custody of authorities at Brushy Mountain penitentiary and that this shortcoming constitutes reversible error. That Ray was lawfully incarcerated was established by the certified minutes of the Criminal Court of Shelby County. The locus of his incarceration is not a critical inquiry in establishing the crime of escape. As was said in *Chisom,* the offense is the escape from custody of the confining authority, so that the place of confinement is not, in fact, a relevant inquiry. Both *Johnson v. State,* 148 Tenn. 196, 253 S.W. 963 (1923), and *State v. Brooks,* 224 Tenn. 712, 462 S.W.2d 491 (1970), recognize that for such a variance between the indictment and the proof to be fatal to a conviction the variance must pertain to a material aspect of the offense. If surplusage is with respect to a matter legally essential to the charge in the indictment, then it must be proven in the degree of detail alleged. *Johnson, supra.* The indictment here charged Ray with escaping "while confined as an inmate in the Brushy Mountain Penitentiary in Morgan County, Tennessee, *under the custody and supervision of the Department of Corrections of the State of Tennessee,* and serving a sentence pursuant to a conviction in the Criminal Court of Shelby County, Tennessee, . . . ." (emphasis added). The trial court's minutes show that Ray was committed to the warden of the state penitentiary,

and the state penitentiary must be viewed as a system of prisons, rather than one place of incarceration. By T.C.A. 41–101 the term penitentiary includes Brushy Mountain penitentiary. Further, the testimony shows that Ray was lawfully incarcerated at Brushy Mountain penitentiary. This assignment is without merit.

 Ray further claims prejudicial error in the district attorney general's closing argument, insisting that certain remarks were improper and inflammatory. Defense counsel objected to the portion of argument in question, and the trial court sustained the objections. This cured the error, if any. *Cantrell v. State,* 3 Tenn.Cr.App. 434, 463 S.W.2d 145 (1970).

The trial judge's exclusion of evidence of Ray's state of mind was not error. His state of mind has no bearing on his guilt of the crime of escape.

All assignments of error have been fully considered and are overruled.

Judgment affirmed.

DUNCAN, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.