**STATE of Tennessee, Appellee,**

v.

**Kenneth CULP, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 29, 1994.

Permission to Appeal Denied by Supreme Court Oct. 3, 1994.

Gary F. Antrican, Dist. Public Defender, David S. Stockton, Asst. Dist. Public Defender, Somerville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Crim. Justice Div., Nashville, Elizabeth T. Rice, Dist. Atty. Gen., William K. Randolph, Asst. Dist. Atty. Gen., Somerville, for appellee.

## OPINION

SUMMERS, Judge.

This record presents an appeal by Kenneth Culp from a judgment entered by the Lauderdale County Circuit Court approving a jury verdict finding him guilty of felony escape pursuant to T.C.A. § 39–16–605. Appellant presents two issues for our review:

I. Whether the trial court erred in denying appellant's motion for judgment of acquittal because the state allegedly failed to prove that he departed from "custody" as defined by T.C.A. § 39–16–601.

II. Whether the trial court erred in denying appellant's post-trial motion for judgment of acquittal because he was apparently on bond at the time of his alleged escape.

We affirm the judgment of the court below.

## FACTS

Appellant was indicted in October 1992 pursuant to the felony escape statute, T.C.A. § 39–16–605(b)(2). The indictment specifically charged that appellant had escaped while in custody at the Lauderdale County Jail for the felony charge of sale of cocaine.

Appellant's trial was held on May 20, 1993. The state proved that John Sneed, Executive Director of Delta Human Resource Agency, picked up four inmates to assist him in delivering commodities to towns in Lauderdale County for distribution to needy people. Appellant was one of the inmates. Mr. Sneed ran a public program that provided services such as child care, commodity distribution, and house rehabilitation to people in a three-county area which included Lauderdale County. Mr. Sneed had permission of the officials at the jail to use the inmates for this purpose.

Mr. Sneed testified that he took his crew to Henning, Tennessee, in Lauderdale County to unload some of the commodities. At lunch, the inmates were left at the Senior Citizen's Center with a staff person for supervision. When Mr. Sneed returned from lunch, the appellant was missing. He had left the work crew.

Ted Sutton, Sheriff of Lauderdale County, testified that on August 18, 1992, appellant was in custody at the Lauderdale County Jail for selling cocaine, a felony offense. Through the testimony of Sheriff Sutton, the state introduced an indictment dated June 1, 1992, by the Lauderdale County Grand Jury charging appellant with the felonious sale of cocaine in January of 1992. This apparently was the felony charge about which Sheriff Sutton testified. Sutton further testified that the appellant did not return to the jail from his commodities distribution detail on August 18, 1992.

Sheriff Sutton was a deputy in 1992 when these events occurred. On cross-examination, he verified that he was the official to whom authority was delegated to handle such matters as allowing prisoners to go on details, furloughs, and releases. Sutton further testified that the appellant was allowed to participate in this detail on the date in question.

Testimony revealed that appellant was arrested on September 4, 1992, in Union City, Tennessee. He was then brought back to the Lauderdale County Jail.

After the state's proof, appellant moved for a judgment of acquittal because the state allegedly had not proven every element of the offense charged. Specifically, the appellant argued that there was no evidence showing that he had escaped from lawful custody while being under restraint by a public servant pursuant to a court order. The trial judge overruled the motion. The defense then rested.

The judge instructed the jury as follows:
**Any person who commits the offense of Escape is guilty of a crime.**

**For you to find the defendant guilty of this offense, the State must have proven beyond a reasonable doubt the existence of the following essential elements:**

**Number 1; that the defendant escaped; and**

**Number 2; that at the time of the escape, the defendant was in lawful custody under a warrant charging the defendant with the sale of a controlled substance, a felony; and**

Number 3; that the escape was from a penal institution.

After the jury returned a verdict of guilt on the felony escape charge, defense counsel made a second motion for a judgment of acquittal based on the same reasoning as before. This motion was overruled as well.

On May 21, 1993, counsel for appellant filed a written motion for judgment of acquittal. His argument was quite interesting. Appellant's indictment for felony escape alleged that he had escaped from custody after his arrest on the charge of sale of cocaine. Similarly, testimony elicited at trial was confined to the allegation that appellant was being held in custody on August 18, 1992, on the charge of sale of cocaine. Appellant maintained, however, that court records showed that he was on bond for the cocaine sale on August 18, 1992, and was being held in custody on that date "on other matters."

In addition, appellant attached affidavits signed by the Circuit Court Clerk and the County Sheriff, respectively. Richard Jennings, Clerk, swore in an affidavit that on June 2, 1992, the appellant posted bond for the indictment charging him with the sale of cocaine. The clerk further swore that on August 18, 1992, the appellant was in jail "on other matters," and escaped.

Sheriff Ted Sutton stated in his affidavit as follows:

1. I am the same person who gave testimony ... on May 20, 1993, and who did at that time testify in good faith and upon the best of my information and memory that on August 18, 1992, the Defendant, Kenneth Culp was being held in jail on the felony charge of sale of cocaine under Indictment Number 5688.
2. I have reviewed the Court records and the records of the Sheriff's Department and respectfully inform this Court that contrary to my prior testimony, Kenneth Culp had posted a bond in the amount of $15,000.00 with regard to Indictment Number 5688 on June 2, 1992

and that as of August 18, 1992, Kenneth Culp was not being held in jail on that particular charge.

On June 4, 1993, the appellant made a motion for new trial. He argued that although he was in custody, it was for a different reason from that which the state alleged and proved at trial. That is to say, he was not in custody for the cocaine arrest warrant, but rather, for another charge, which we later learn was a parole violation.[1]

After hearing arguments from both sides, the trial judge overruled appellant's motions for judgment of acquittal and for new trial. From this denial, the appellant now appeals to this Court for relief.

## I.

Appellant first contends that the court should have granted his motion for judgment of acquittal made at the conclusion of the state's proof because the prosecution failed to prove that he departed from "custody" as defined by T.C.A. § 39–16–601.

The standard for determining whether a trial court should have granted a motion for judgment of acquittal is whether, after considering the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn.1985); T.R.A.P. 13(e). This Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn. 1978). We do not substitute our inferences for those inferences drawn by the finders of fact. On appeal, the prosecution is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom.

Appellant was charged with felony escape pursuant to T.C.A. § 39–16–605. Custody is

---

1. As best as we can discern from this sparse record, appellant made bond on June 2, 1992, for the sale of cocaine indictment. Apparently, he was on felony probation for another charge at the time he made bond. His parole was later revoked due to his latest arrest and he was incarcerated for the parole violation at the time he was working on the commodities distribution program on August 18, 1992.

defined for that statute in T.C.A. § 39–16–601(2) as follows:

(2) "Custody" means under arrest by a law enforcement officer or under restraint by a public servant pursuant to an order of a court. . . .

▓ The state presented evidence by Sheriff Sutton, then chief deputy, that the appellant was in custody. He was incarcerated at the Lauderdale County Jail on a felony charge and was released to a work crew with Sutton's permission. It is clear under Tennessee law that the unauthorized or intentional departure from a work crew by an inmate assigned to that work crew as a result of his confinement in a jail or workhouse constitutes an escape. *Laird v. State,* 565 S.W.2d 38, 41–42 (Tenn.Crim.App.1978).

There is no question that appellant was under arrest by a law enforcement officer. He was under restraint by a public servant, and his departure was unauthorized. Thus, the trial court did not err in denying the appellant's motion for judgment of acquittal based upon this theory. This issue is without merit.

## II.

Appellant next contends that the trial judge erred in denying his post-trial motion for judgment of acquittal or in the alternative his motion for new trial because he presented the affidavits of the Circuit Court Clerk and the Sheriff that contradict the proof at trial. Appellant's brief does not specify his particular basis for relief. As best as we can tell, however, his only plausible argument is newly-discovered evidence, and from that standpoint we address this issue.

▓ The test for whether a defendant should be granted a new trial because of newly-discovered evidence is based upon the following criteria:

1. Whether the defendant acted with reasonable diligence to discover the evidence;

2. Whether the newly-discovered evidence was material; and

3. Whether introducing the evidence would likely change the result if accepted by the jury.

*State v. Goswick,* 656 S.W.2d 355, 358–59 (Tenn.1983).

We find that appellant has not met the test for several reasons. First, appellant failed to act with reasonable diligence to discover the evidence which he contends is so important. Appellant himself knew, and his counsel should have known, that he made bond for the cocaine indictment and was in custody on August 18, 1992, for a parole violation. If counsel knew what appellant's status was the day after trial when he filed the written motion for judgment of acquittal, he should have known before trial and filed his motion then.

Second, we do not think the newly-discovered evidence is material. When the District Attorney General indicted the appellant, she used surplus language in the indicting instrument. Although the grand jury true-billed the appellant and used details as to the type of felony under which he was in custody when he escaped, this language, in our opinion, was surplusage. The trial judge did not have to instruct as to all of these details. The state only had to prove that the appellant escaped from lawful custody while being held for a felony. It was not necessary for the name of the felony to be alleged, instructed, or proven.

An indictment should state facts which constitute an "offense in ordinary and concise language, without prolixity or repetition. . . ." T.C.A. § 40–13–202. An indictment is not bad or fatal if it is unnecessarily prolix, or if it contains surplus words. However, in rejecting the surplusage, the offense must be sufficiently charged. *State v. Bellville,* 66 Tenn. 548, 549 (1874). If an indictment's surplusage is with respect to a matter legally essential to the charge, then it must be proven to the degree of detail alleged. If it is not essential, then it need not be proven at all. *Ray v. State,* 577 S.W.2d 681, 683 (Tenn. Crim.App.1978). We do not think that the state was obliged to prove the type of felony for which appellant was incarcerated and in custody. Rather, all it needed to prove was that, in fact, he was in custody under some felony. Hence, this "newly-discovered evidence" is not material.

Finally, we do not think the newly-discovered evidence would change the result if accepted by a jury. While the affidavits presented by appellant state that he was not in custody pursuant to the charge of selling cocaine, the record indicates that appellant was in custody at the time for a parole violation on a felony.

For the above stated reasons, this issue is without merit.

### CONCLUSION

If appellant had wanted to challenge the language of the indictment, he should have so pleaded before the case went to proof. If he had filed the motion earlier, the state would have had the opportunity to either amend the indictment by deleting the surplus language or proceed ahead with caution. But, the appellant chose not to do so, and was relegated to arguing under a newly-discovered evidence theory.

The judgment of the trial court is affirmed in all respects.

SCOTT, P.J., and WADE, J., concur.