IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1997 SESSION

FILED

October 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9704-CC-00121 |
| | ) | |
| Appellant | ) | BLEDSOE COUNTY |
| | ) | |
| v. | ) | HON. J. CURTIS SMITH, |
| | ) | JUDGE |
| JEFF WELCH, | ) | |
| | ) | Indictment on assault dismissed |
| Appellee | ) | |

FOR THE APPELLANT

Charles W. Burson
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

David E. Crockett
District Attorney General

Lisa Nidiffer Rice
Assistant District Attorney General
Rte. 19 Box 99
Johnson City, TN  37601

FOR THE APPELLEE

Philip A. Condra
Public Defender
204 Betsy Park Drive
P.O. Box 220
Jasper, TN  37347

OPINION FILED _____

REVERSED AND REMANDED

JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The trial court found that a prison disciplinary finding which assessed restitution in the sum of $100.00[1] against the defendant for damages caused to a prison guard's uniform, when he was assaulted by the defendant, barred the prosecution of the defendant on a charge of assault and battery.

We reverse the judgment of the trial court and remand this case to the trial court for further proceedings.

Three days after the defendant assaulted a guard, a disciplinary hearing was held. The hearing officer suspended the defendant's canteen privileges for six weeks, took away 56 days of sentence reduction credits, and ordered payment of $100.00 in restitution for the guard's uniform.

The trial judge found the order to pay $100.00 restitution amounted to a fine which was imposed for the purpose of vindicating public justice and barred the prosecution of the defendant under the prohibition against double jeopardy.

In *State v. Conley*, 639 S.W.2d 435 (Tenn. 1982), the Supreme Court held prior punishment for double jeopardy purposes consists of deprivation of liberty in a prior proceeding or the imposition of a fine levied for the purpose of vindicating public justice. Either or both will constitute a bar to a subsequent prosecution.

The question here is whether the restitution order of $100.00 is such a punishment. We think not.

It is clear that disciplinary action by prison authorities does not bar prosecution for the commission of the crime from which the prison imposed disciplinary sanctions. *Ray v. State*, 577 S.W.2d 681 (Tenn. Crim. App. 1978). The *Ray* case, however, did not encompass the sanction of forfeiture of money as does this case.

---

[1]Other sanctions were applied but are not raised as issues in this case.

-2-

We do not believe, on the basis of the facts in this case, that requiring the payment of $100.00 restitution for damages to the uniform of the guard can be said to be an imposition of a fine for the purpose of vindicating public justice. Although the evidence of the value of the uniform *vis-a-vis* the imposition of $100.00 in restitution is not shown, we are unable to conclude that the amount is so disproportionate to the actual damage to be construed as being a fine for the purpose of punishment for the underlying crime as was found in *U.S. v. Halper*, 109 S. Ct. 1892, 490 U.S. 435 (1989). We find the imposition of restitution by prison authorities is not grossly disproportionate to the remedial interest in maintaining disciplinary control of the prisons. *See Hernandez v. Fundora*, 58 F.3d 802 (2d Cir. 1995). In fact, it appears an assessment of $100.00 is made against any inmate whose misconduct causes damage to a guard's uniform without regard to the actual damage. We find this is a part of institutional discipline.

The trial judge's conclusion that restitution is only to be considered by the trial judge is, in our view, broader than the sentencing act provides and gives no basis for dismissing the indictment in this case.

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings.

_____
                John K. Byers, Senior Judge

CONCUR:

_____
David H. Welles, Judge

_____
Thomas T. Woodall, Judge