# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1998

FILED

December 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD DAVID DUKES, | ) | C.C.A. NO. 03C01-9604-CC-00175 |
| | ) | |
| Appellant, | ) | |
| | ) | MORGAN COUNTY |
| V. | ) | |
| | ) | |
| CHARLIE JONES, WARDEN, and | ) | HON. E. EUGENE EBLEN, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION/ESCAPE) |

FOR THE APPELLANT:                     FOR THE APPELLEE:

**RONALD DAVID DUKES,** *pro* se       **JOHN KNOX WALKUP**
MCRCF, Box 2000, Unit 14               Attorney General & Reporter
Wartburg, TN  47887

                                       **KENNETH W. RUCKER**
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243


                                       **CHARLES E. HAWK**
                                       District Attorney General


                                       **FRANK A. HARVEY**
                                       Assistant District Attorney General
                                       P.O. Box 703
                                       Kingston, TN  37763

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Ronald David Dukes, appeals the trial court's dismissal of his pro se petition for writ of habeas corpus challenging a 1986 escape conviction. We affirm the judgment of the trial court.

According to this Court's summary of facts as set forth in State v. Ronald David Dukes, C.C.A. No. 26, slip op. at 1-2, Union County (Tenn. Crim. App., Knoxville, Apr. 4, 1989), this Court affirmed Petitioner's convictions and sentences for first degree murder, armed robbery, and kidnapping to commit robbery by the use of a firearm in 1978. See Dukes v. State, 578 S.W.2d 659, 666 (Tenn. Crim. App. 1978). He was sentenced to life imprisonment on each of the first two offenses and to life plus five years as enhanced punishment for the commission of the third offense. They were further ordered to be served consecutively.

Petitioner filed his first petition for post-conviction relief in 1985, alleging ineffective assistance of counsel and prejudicial conduct by the trial judge during voir dire and the pretrial conference. After the appointment of counsel and an evidentiary hearing, the trial court dismissed the petition. The judgment was affirmed by this Court on August 25, 1986. See State v. Edgar Virgil Dukes, III, and Ronald David Dukes, C.C.A. No. 25, Union County (Tenn. Crim. App. Knoxville, Aug. 25, 1986).

On September 8, 1986, Petitioner escaped from custody. On October 29, 1986, Petitioner pled guilty to the offense of escape, and the trial court imposed a two-year sentence to be served consecutively to his prior sentences. Petitioner filed his second post-conviction petition on December 17, 1987. See State v. Ronald

David Dukes, C.C.A. No. 26, slip op. at 2, Union County (Tenn. Crim. App., Knoxville, Apr. 4, 1989). In that particular petition, he alleged that his convictions violated double jeopardy principles and that his due process rights were violated because the State failed to disclose the names of witnesses and other exculpatory material. Id.; see Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). This Court determined the double jeopardy claim to be predetermined. However, this Court reversed the case and ordered the appointment of counsel, the opportunity for filing an amended petition, a full determination on the issue of waiver of the Brady issue, and, if necessary, a hearing on the merits of the petition. Dukes, C.C.A. No. 26, slip op. at 8. Petitioner did not raise any issues regarding his escape conviction in the December 17, 1987 petition. After repeated continuances, an evidentiary hearing was held, after which the trial court denied relief. See Ronald David Dukes and Edgar Virgil Dukes, III v. State, C.C.A. No. 03C01-9703-CC-00112, Union County (Tenn. Crim. App., Knoxville, May 27, 1998). This Court affirmed the trial court's dismissal. Id.

On December 15, 1995, Petitioner filed a petition entitled, "Violation of the Due Process of Law and Denial of a Fair Trial or in the Alternative Post-Conviction Relief." The trial court treated the petition as one for habeas corpus relief and subsequently dismissed that petition in March of 1996. The trial court stated that Petitioner did not allege, aver, or show that the judgment in his case was void or that his sentence had expired. It further noted that the post-conviction statute of limitations had expired. In this appeal, Petitioner raises the following four issues: (1) that his prior sentences were improperly used to enhance his punishment on his 1986 escape conviction; (2) that he received the ineffective assistance of counsel in making his plea; (3) that his plea was not knowingly, intelligently, nor

-3-

understandingly made; and (4) that this conviction constituted double jeopardy as he was punished by prison authorities in addition to being criminally prosecuted. According to Petitioner, his prison discipline included a 30-day segregation sentence, a loss of six months good and honor time, a subsequent six-months administration segregation, a classification status upgrade from minimum restricted to medium, and a loss of 72 days of earned sentence credits.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

In the present case, Petitioner's three consecutive life sentences have not expired, nor has his sentence for escape since it was ordered to run consecutively to the life sentences. Further, none of his convictions are void on their face. Therefore, the claims presented by Petitioner are not cognizable under the habeas corpus statute. See Tenn. Code Ann. § 29-21-101 - 130.

In addition, as Petitioner acknowledges, his claims are time-barred for purposes of post-conviction relief. Petitioner asserts that he did not appeal his escape conviction, therefore, his conviction became final on October 29, 1986. At the time Petitioner's escape conviction became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). He therefore needed to have filed his petition by October 29, 1989, in order to toll the running of the statute. However, Petitioner did not file this petition for post-conviction relief until December 15, 1995, thus barring any claims he might have had.

The new 1995 Post-Conviction Act governs this petition and all petitions filed after May 10, 1995. Petitioner's petition is not revived by the new Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-201 et seq. Petitioners "for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997). Also, after a review of the record and the cases cited by Petitioner, we find that his claims do not fall into any of the three recognized exceptions to the new Act in which a trial court can have jurisdiction to consider a petition filed outside the statute of limitations. See Tenn. Code Ann. § 40-30-202(b).

Additionally, Petitioner was convicted in Union County. This petition for writ of habeas corpus was filed in Morgan County, the proper venue for habeas corpus relief but not post-conviction relief. Compare Tenn. Code Ann. § 40-30-204(a) (post-conviction petition shall be filed in court where conviction occurred) with Tenn. Code Ann. § 29-21-105 (petition for writ of habeas corpus shall be filed in court "most

convenient in point of distance" to petitioner unless a sufficient reason is given in the petition). Accordingly, we conclude that the trial court did not err by failing to treat the application as one for post-conviction relief on this ground as well.

Petitioner argues that United States v. Ursery, 59 F.3d 568 (6th Cir. 1995), created a new rule of law with regards to his double jeopardy rights. See Tenn. Code Ann. § 40-30-202(b)(1). However, the United States Supreme Court has recently overruled the Sixth Circuit's decision in Ursery, finding that in rem civil forfeitures are in fact not punitive and do not foreclose subsequent criminal prosecution for purposes of the Double Jeopardy Clause. United States v. Ursery, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996). Furthermore, we find the issues raised in Ursery to be wholly inapplicable to the case sub judice.

In Petitioner's response to the State's brief, he cites the case of Commonwealth v. Forte, 4 Mass. L. Rptr. 96, 1995 WL 809491 (Mass. Superior, March 8, 1995) as applicable to his case. The court in that case held that disciplinary action by prison authorities was punishment for purposes of the Double Jeopardy Clause, and that subsequent criminal prosecution based upon the same wrongdoing was barred by the Double Jeopardy Clause. Id. However, again, it appears that the cited case has been overruled. See Commonwealth v. Forte, 423 Mass. 672, 671 N.E.2d 1218 (Mass. 1996) (holding that Double Jeopardy Clause principles do not in all instances ban both the imposition of prison discipline and a criminal prosecution for the same wrongful conduct). Accordingly, Defendant's reliance on Forte is also misplaced.

Furthermore, opinions by this Court have stood for the proposition that "if the administrative action is remedial and not intended to inflict punishment as a means of vindicating public justice, the double jeopardy clause serves as no protection." State v. Steven J. Bennett and Scott A. Montgomery, C.C.A. No. 03C01-9607-CR-00250, slip op. at 2, Morgan County (Tenn. Crim. App., Knoxville, Feb. 27, 1997) (citation omitted); see also Ray v. State, 577 S.W.2d 681 (Tenn. Crim. App. 1978), cert. denied (Tenn. 1979).

Finding no merit in the issues raised by Petitioner, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
DAVID H. WELLES, Judge