BOBBY BLACKMON,   )
        )
  Petitioner/Appellant, )   Appeal No.
        )   01-A-01-9807-CH-00361
v.        )
        )   Davidson Chancery
DONAL CAMPBELL, et al,  )   No. 97-3616-III
        )
  Respondents/Appellees. )
        )

FILED

February 23, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

BOBBY BLACKMON, Pro Se
TDOC # 68314
WTSP, Site 1, A2-41
P. O. Box 1000
Henning, Tennessee

PAUL G. SUMMERS
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ELENA J. XOINIS
Assistant Attorney General
Civil Rights and Claims Division
425 5th Avenue North
Nashville, Tennessee  37243-0488
  ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

This is an appeal by a Tennessee prison inmate from the action of the trial court in declining to issue a statutory writ of certiorari and in granting summary judgment of dismissal of the appellant's petition for common law certiorari.

Bobby Blackmon is an inmate in the Tennessee Department of Corrections facility at Henning, Tennessee. He was working in the kitchen of the facility and on September 12, 1997, Officer William Troup issued an incident report charging Blackmon with larceny. This charge was dismissed by the disciplinary board because the incident report was not written by an appropriate reporting official. On September 19, 1997, the food service manager, Don Roberts, reinitiated the incident report charging Blackmon with larceny for taking food from the kitchen area. At a hearing on this charge on September 23, 1997, the disciplinary board determined that the evidence did not support the charge of larceny and therefore dismissed same with a recommendation that the reporting official reinstate the charge based on violation of T.D.O.C. Institutional Policy.

On September 24, 1997, food service manager Don Roberts reinitiated the case on violation of T.D.O.C. Institutional Policy and the disciplinary board heard the case on September 26, 1997. The board found Blackmon guilty of violation of T.D.O.C. policy and relieved Blackmon of his job in the institution kitchen.

After exhausting administrative remedies Blackmon filed his petition for writs of certiorari. The chancellor correctly dismissed the part of the petition seeking statutory certiorari on the grounds that the disciplinary board in this case acted in an administrative, quasi-judicial function from which statutory certiorari does not lie. *Alexander Friedmann v. Charles Bass, et al*, No. 01A01-9707-CH-00031 (Tenn.App.M.S. Nov. 19, 1997). As to the application for common law certiorari the trial court held:

> With respect to the petitioner's claim for a common law

writ of certiorari, the petitioner asserts that his due process rights have been violated because the Board relied on manufactured evidence and violated TDOC policy by not allowing the petitioner to call witnesses and failing to provide him with adequate notice of the charge. Filed in support of the motion is the affidavit of James Britt. That affidavit reveals that there is no genuine issue of material fact that the Board acted unlawfully or violated the petitioner's constitutional rights. Accordingly, the Court dismisses the common law writ of certiorari.

The petitioner is not entitled to due process because the sanctions imposed against him were not atypical in relation to the ordinary instance of prison life. *See Sandin v. Conner*, 115 S. Ct. 2293, 2301, 515 U.S. 472, 132 L. Ed. 2d 418 (1995). The record before the Court establishes that following a hearing in which the petitioner was allowed to testify, the petitioner was found guilty of TDOC/Institutional policy for taking food out of the kitchen without permission. The Disciplinary Board recommended a job drop for the petitioner. The sanction does not present the type of atypical punishment contemplated in *Sandin* which results in deprivation of due process.

With respect to the petitioner's claim that the disciplinary action taken against him violated the constitutional safeguards against double jeopardy, the Court dismisses that claim because a hearing before a prison disciplinary board is not judicial. It is administrative. *Ray v. State*, 577 S.W.2d 681, 682 (Tenn. Crim. App. 1978). Thus, the constitutional guarantees against double jeopardy do not apply to disciplinary hearings in prison.

The only "punishment" given the petitioner by the disciplinary board was a removal from his job in the prison kitchen. Such action did not violate due process rights, even prior to *Sandin v. Conner,* 115 S.Ct. 2293, 515 U.S. 472, 132 L.Ed.2d 418 (1995). *See Lyon v. Farrier*, 727 F.2d 766 (1984) 8th Cir.; *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

*Sandin* is conclusive as to the due process issue and the trial court properly dismissed the application for writ of common law certiorari.

The prison disciplinary board, being an administrative rather than a judicial tribunal, is not subject to constitutional guarantees against double jeopardy. *Ray v. State*, 577 S.W.2d 681, 682 (Tenn.Cr.App.1978).

In summary, if a prisoner had no property interests in a certain prison job that was protected by due process rights prior to the opinion of the United States Supreme Court in *Sandin*, it is difficult to imagine how such right could exist subsequent to *Sandin*. *See Ishaaq v. Compton*, 900 F.Supp. 935, 938-40 (W.D.Tenn.1995).

The action of the trial court is in all respects affirmed with costs assessed to appellant.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE