IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. AARON JAMES

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2345     J. Randall Wyatt, Jr., Judge**

---

**No. M2000-00495-CCA-R3-CD - Filed June 29, 2001**

---

The Appellant, an inmate at Riverbend Maximum Security Institution in Nashville, was convicted by a jury of attempted felony escape, aggravated robbery and especially aggravated kidnapping stemming from a failed prison escape.  The Appellant was incarcerated at the Riverbend facility as a result of his prior convictions for especially aggravated robbery, especially aggravated kidnapping and second degree murder.  The Appellant challenges on appeal his convictions for aggravated robbery and especially aggravated kidnapping, arguing (1) sufficiency of the convicting evidence, (2) systematic removal of African-Americans from the petit jury in violation of Batson v. Kentucky, and (3) the prejudicial admission into evidence of the Appellant's prior convictions for especially aggravated robbery, especially aggravated kidnapping, and second degree murder.  The State argues that proof of the Appellant's prior convictions was an essential element of the felony escape charge and, therefore, admissible. After review, we find reversible error in the admission in the instant case of the Appellant's prior convictions for especially aggravated robbery, especially aggravated kidnapping and second degree murder.  As such, the judgments of convictions are reversed and remanded for a new trial.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined and JAMES CURWOOD WITT, JR., J., concurred by separate opinion.

Karl F. Dean, District Public Defender; Wendy S. Tucker (at trial) and Jeffrey A. DeVasher (on appeal), Assistant Public Defenders, for the Appellant, Aaron James.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Jennifer L. Smith, Assistant Attorney General, Victor S. (Torry) Johnson, III, District Attorney General, and Bret Thomas Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

The Appellant, Aaron James, appeals his convictions for aggravated robbery and especially aggravated kidnapping,[1] which were committed during his failed attempt to escape confinement at the Riverbend Maximum Security Institution in Nashville. At the time of these offenses, the Appellant was serving an effective sentence of fifty years resulting from prior Shelby County convictions. In this appeal, the Appellant contends that (1) the evidence is insufficient to support his aggravated robbery and especially aggravated kidnapping convictions; (2) the trial court erred in allowing the State to systematically remove African-American jurors from the jury in violation of Batson v. Kentucky; and (3) the trial court erred by failing to grant his motion to remove all references to his prior convictions; two of the three prior convictions being similar or identical to the offenses for which he was currently standing trial. After review, we conclude that reversible error occurred in the admission of the Appellant's prior convictions in the case before us. In view of this holding, we find it unnecessary to address the Appellant's remaining issues of sufficiency of the evidence and Batson violation. The Appellant's judgments of convictions for aggravated robbery and especially aggravated kidnapping are reversed and the case is remanded for a new trial for both offenses.

## Facts

On March 2, 1998, Anna Blythe, an employee of the Tennessee Department of Correction, was delivering food and supplies to Riverbend Maximum Security Institution, a prison facility in Nashville. As she parked and exited her delivery truck at one of the units inside the perimeter of the prison, she heard a fence "rattle" and then observed an inmate, later identified as Tony Bobo, climbing over the fence. She also observed the Appellant, who was still inside the fence. The two inmates had cut holes in their exercise cages in order to reach this fence. At this time, Bobo, armed with a homemade prison knife, grabbed Ms. Blythe, and placed the knife to her neck. Bobo then took her keys to the truck, opened the driver's side door, and ordered her to get inside. By this time, the Appellant had scaled the nearby fence and climbed into the passenger side of the truck. Bobo then pushed Ms. Blythe into the middle of the truck seat, with the knife still to her head, and positioned himself in the driver's seat.

After commandeering the truck, Bobo accelerated and headed toward the perimeter fence. The inmates' attempt at freedom was short-lived as the truck was unable to penetrate the fence. After a second collision with the fence, Ms. Blythe heard thumping noises and then saw a bullet hole in the windshield. Realizing that the delivery truck was being fired upon by correctional officers, Ms. Blythe dropped to the floorboard. At that time, the Appellant convinced Bobo to give up and Bobo instructed the Appellant to let Ms. Blythe out of the truck. Ms. Blythe ran from the truck to the nearest officer and the inmates surrendered to authorities.

---

[1]No appeal was taken by the Appellant from his Class A misdemeanor conviction for attempted felony escape.

On the morning of trial, Bobo, who was jointly indicted with the Appellant, entered guilty pleas to especially aggravated kidnapping, aggravated robbery and attempted escape. At trial, the Appellant testified that he and Bobo planned the escape but the plan did not include robbery and kidnapping. The Appellant further testified that once the delivery truck was seized, he wanted to abandon the escape but was threatened by Bobo if he did so. Bobo, testifying for the Appellant, confirmed the Appellant's testimony, stating that he threatened harm to the Appellant after the Appellant told him that he was going to abandon the escape. Based upon the proof presented at trial, the jury found the Appellant guilty of especially aggravated kidnapping, aggravated robbery and attempted escape.

## Analysis

At the Appellant's trial for attempted escape, aggravated robbery, and especially aggravated kidnapping of the prison employee, the deputy warden of Riverbend testified, over objection, that, on the date of the attempted escape, the Appellant was serving sentences for especially aggravated robbery, second-degree murder, and especially aggravated kidnapping. The Appellant contends that the trial court erred in permitting the State to introduce into evidence the specific crimes for which the Appellant was incarcerated. Relying upon State v. Wingard, 891 S.W.2d 628 (Tenn. Crim. App. 1994), the State responds that proof of the convictions which resulted in the Appellant's institutional confinement constitutes an essential element of the offense of felony escape and, as such, admission of the Appellant's prior offenses were proper.[2] Wingard, 891 S.W.2d at 633.

Prior to trial, the Appellant filed a motion to strike any reference to his prior convictions set forth in the indictment for attempted escape. The Appellant asserted that the specific nature of the convictions are irrelevant. This position, although conflicting with Wingard, is supported by this court's holding in State v. Culp, 891 S.W.2d 232 (Tenn. Crim. App. 1994). In Culp, this court held:

> Although the grand jury true-billed the appellant and used details as to the type of felony under which he was in custody when he escaped, this language, in our opinion, was surplusage. The trial judge did not have to instruct as to all of these details. The state only had to prove that the appellant escaped from lawful custody while being held for a felony. It was not necessary for the name of the felony to be alleged, instructed, or proven.

Id. at 236. We agree with this court's holding in Culp. As observed in Culp, "[t]he state only had to prove that the appellant escaped from lawful custody while being held for a felony." Id. at 236.

---

[2]Felony escape is defined as follows:

 (a) It is unlawful for any person arrested or charged with or convicted of an offense to escape from a penal institution as defined in § 39-16-601.

(B) A violation of this section is:

*  *  *

(2) A Class E felony if the person was being held for a felony.

Tenn. Code Ann. § 39-16-605(a)(b)(2) (1997).

In this regard, we note that within the Appellant's pre-trial motion was the request that the convictions of especially aggravated robbery, second-degree murder, and especially aggravated kidnapping be stricken and replaced with the language, "having been lawfully confined in the Tennessee Department of Corrections (sic)." In addition to arguing that the specific felony convictions were irrelevant, the Appellant also argued that the prior convictions were inadmissible under Rule 403 of the Tennessee Rules of Evidence, as their probative value was outweighed by the obvious prejudicial effect. In support of this argument, the Appellant points out that two of the three convictions for which the Appellant was standing trial were virtually identical to two of the convictions for which the Appellant was confined.

In the recent case of Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644 (1997), a case analogous to the instant case, the defendant was charged with assault with a dangerous weapon and possession of a firearm by a convicted felon. See 18 U.S.C.A. § 922(g)(1) (anyone convicted of crime requiring confinement of 1 year cannot lawfully carry weapon). Prior to trial, the defendant offered to stipulate to the prior conviction element of the firearm offense, arguing that introduction of the name and nature of his prior offense was so similar to the offense for which he was being tried as to constitute prejudice under Rule 403, Federal Rules of Evidence. The Government refused to join the stipulation, and the district court agreed that the Government should not be required to do so. The Supreme Court held that a defendant should be permitted to stipulate a prior conviction, without identifying the conviction, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations and when the purpose of the evidence is solely to prove the element of the prior conviction. Old Chief, 517 U.S. at 179-192. In so holding, the Court reasoned:

> There can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice whenever the official record would be arresting enough to lure a juror into a sequence of bad character reasoning . . . Thus Rule 403 requires that the relative probative value of prior conviction evidence be balanced against its prejudicial risk of misuse.[3] A judge should balance these factors, not only for the item in question, but also for any actual available substitute.
>
> [T]he Government invokes the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice. . . . This is unquestionably true as a general matter. . . . This recognition that the prosecution, with its burden of persuasion, needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status dependent on some judgment rendered wholly independent of the concrete events of later criminal behavior charged against him.

---

[3] The court, in Wingard concluded that because the prior conviction was an essential element of the offense of escape, its admission was, thus, subject to character evidence analysis under Rule 404(b) Tenn. R. Evid. Wingard, 891 S.W.2d at 633, 635. In this regard, we note, however, that in Old Chief, the Supreme Court found the prior offense relevant as an element of the offense and, thus, admissible under Rule 402, Fed. R. Evid. Finding the evidence relevant, the Supreme Court reviewed its admission under the "danger of unfair prejudice" test of Rule 403, as opposed to Wingard's analysis under 404(b).

<u>Old Chief</u>, 519 U.S. at 180-187, 117 S. Ct. at 650-653.

Admission of the prior conviction in <u>Old Chief</u> is more compelling for admission than is the prior conviction in the case before us as the underlying conviction in <u>Old Chief</u> was an essential element of the offense whereas in the present case, it is not. We acknowledge that the Supreme Court's holding in <u>Old Chief</u> was premised upon an evidentiary ruling and, thus, is not binding upon a state court. Nonetheless, we cannot ignore the fact that the ruling construed application of Rule 403, Fed. R. Evid., which is identical to Rule 403, Tenn. R. Evid., and, as such, we find the ruling to provide persuasive authority for the case before us.

Violation of an evidentiary rule does not necessarily mandate reversal of the case, <u>see</u> <u>State v. Martin</u>, 964 S.W.2d 564, 568 (Tenn. 1998), but is subject to harmless error analysis. "No judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits." Rule 52(a), Tenn. Crim. P. The Appellant was convicted in this case under a theory of criminal responsibility based upon the conduct of the co-defendant, Bobo. The record reveals that during the course of the robbery and kidnapping offenses, the Appellant was never in the possession of a weapon, never made any threats or attempts to assault or harm the victim, and his role in the taking of the delivery truck was relegated to that of a passenger. The proof does establish that the Appellant was present and in a position to aid and assist his co-defendant during the commission of the offenses and , if successful, would have benefitted in the results. <u>See</u> Tenn. Code Ann. § 39-11-402(2). Examination of the convicting evidence leads us to the conclusion that the proof against the Appellant for the convictions on appeal, although sufficient, was less than overwhelming. As such, we are unable to conclude that the highly prejudicial admission of the Appellant's prior convictions did not materially affect the verdict. Accordingly, we find the error not to be harmless. <u>But see, e.g.</u>, <u>United States v. Rooks</u>, 181 F.3d 105 (6th Cir. 1999) (District Court abused its discretion when admitting full judgment of defendant's prior conviction for purpose of showing status as a felon, but error harmless given overwhelming evidence); <u>Myers v. United States</u>, 198 F.3d 615 (6th Cir. 1999) (District Court erred in rejecting defendant's offer to stipulate to fact of prior felony conviction, but error harmless in light of fact that proof clearly established defendant's guilt); <u>United States v. Snyder</u>, 166 F.3d 1216 (6th Cir. 1998) (Although it was error when court allowed prosecutor to reject defendant's offer to stipulate to status as felon, error harmless in lieu of witness testimony at trial). The judgments of conviction are reversed and the cause is remanded for a new trial.

                                                  _____
DAVID G. HAYES, JUDGE