IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 20, 2005

## JOEY LEE SMITH v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13698      Stella Hargrove, Judge**

---

**No. M2005-01732-CCA-R3-HC - Filed January 18, 2006**

---

The petitioner, Joey Lee Smith, appeals from the circuit court's summary dismissal of his *pro se* petition for writ of habeas corpus. Following our review of the parties' briefs and applicable law, we affirm the court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Joey Lee Smith, T.D.O.C.. Clifton, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; W. Michael McCown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March 1995, the petitioner was convicted of one count of child rape, six counts of aggravated sexual battery, one count of sexual battery, and two counts of reckless endangerment. He received a total effective sentence of nineteen years. His convictions were affirmed on direct appeal, and he was denied post-conviction relief. *See State v. Joey Lee Smith*, No. 01C01-9603-CC-00108, 1997 WL 438165 (Tenn. Crim. App., at Nashville, July 31, 1997) *perm. app. denied* (Tenn. March 16, 1998); *Joey Lee Smith v. State*, No. M1999-01896-CCA-R3-PC, 2001 WL 363990 ( Tenn. Crim. App., at Nashville, April 12, 2001). In January 2005, the petitioner filed a *pro se* petition for writ of habeas corpus. The circuit court dismissed the petition, finding no grounds entitling the petitioner to habeas corpus relief.

In his petition and on appeal, the petitioner alleges that he was indicted for simple rape and convicted of simple rape; but the trial court improperly modified his judgment to reflect a conviction

for child rape. He essentially argues that his conviction for child rape is void because the trial court lacked jurisdiction to modify this conviction.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

For an indictment to be challenged in a habeas corpus proceeding, the indictment must be so defective that it fails to vest jurisdiction in the convicting court. *See Wyatt*, 24 S.W.3d at 323. The United States and the Tennessee Constitutions require that an indictment inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. Art. I, § 9. An indictment satisfies the constitutional requirement of notice "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). Further, the indictment must state the facts of the offense in ordinary and concise language. *See* Tenn. Code Ann. § 40-13-202. Indictments patterned after the pertinent language of an applicable statute are ordinarily sufficient for constitutional and statutory purposes. *See State v. Hammonds*, 30 S.W.3d 294, 302 (Tenn. 2000).

Upon review of the record, we conclude that the petitioner is not entitled to habeas corpus relief. First, the record reflects that the petitioner's indictment properly charged him with the rape of a child. The indictment states in pertinent part that "JOEY LEE SMITH . . . did engage in unlawful sexual penetration of [victim], age 11, and force or coercion was used to accomplish the act, in violation of Tennessee Code Annotated 39-13-503 [sic] . . . ." Pursuant to Tennessee Code Annotated section 39-13-522, rape of a child is "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age." While the petitioner's indictment incorrectly referenced the wrong code provision, the language of the indictment clearly meets the elements of child rape as set forth in section 39-13-522. As such, the inclusion of the wrong code provision in the indictment is clearly surplusage. It is well-settled that

an indictment is not defective because of the inclusion of surplusage if, after eliminating the surplusage, the offense is still sufficiently charged. *State v. Culp*, 891 S.W.2d 232, 236 (Tenn. Crim. App. 1994); *see also State v. Beal*, 614 S.W.2d 77, 80 (Tenn. Crim. App. 1981) (determining that the insertion of wrong code provision did not render the indictment invalid); *McCracken v. State*, 489 S.W.2d 48, 51 (Tenn. Crim. App. 1972) (stating that the presentment's erroneous reference to wrong code section was clerical error and thus mere surplusage). In this case, the indictment clearly informed the petitioner of the crime for which he was charged. Furthermore, both the jury instructions and the jury verdict clearly indicate that the jury was instructed and found the petitioner guilty of child rape. Therefore, the trial court's correction of the judgment form, which had been mistakenly recorded as simple rape, was merely the authorized correction of a clerical error. *See* Tenn. R. Crim. P. 36 (stating that clerical mistakes in judgments arising from oversight or omission may be corrected by the court at any time). Clerical errors do not give rise to void judgments. *See McChristian v. State*, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004). Accordingly, the petitioner failed to state a cognizable claim for habeas corpus relief, and the circuit court did not err in summarily dismissing his petition. The judgment of the circuit court is affirmed.

_____
J.C. McLIN, JUDGE