**STATE of Tennessee, Appellee,**

v.

**Gregory Albert SMITH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 3, 1982.

Permission to Appeal Denied by Supreme Court Jan. 24, 1983.

Andrei E. Lee, Kenneth J. Ries, Metropolitan Public Defenders, Mariah Wooten, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

TATUM, Judge.

The defendant appeals from a conviction for escape with punishment at not less than 1 year nor more than 2 years in the State penitentiary. The escape occurred on March 20, 1980 while the defendant was being transported by the Tennessee Department of Corrections from the Brushy Mountain Prison to the Tennessee State Prison at Nashville. The defendant remained a fugitive for approximately 8 months following the escape. At the time of the escape, the defendant was serving sentences on three separate armed robbery convictions; each sentence had been assessed by the jury at 65 years. He was also serving a sentence for an assault to commit murder conviction with punishment at not less than 6 years nor more than 15 years in the State penitentiary. Punishment on all four of these convictions was consecutive, for a total of not less than 201 years nor more than 210 years.

The only issue presented for review is whether:

"The trial court erred by overruling the defendant's pretrial motion to require the State to enter into a stipulation that the defendant was 'serving a term under the direct or indirect custody and supervision of the department of correction,' and further by allowing into evidence the defendant's prior convictions and sentences."

The defendant insists that the trial court erred in overruling his pretrial motion to compel the State to enter into a stipulation satisfying the "direct or indirect custody" requirement of T.C.A. § 39–3802. The trial

court allowed the State to prove the convictions and sentences to show that the defendant was in lawful custody of the Department of Correction at the time of the escape. After considering the issue, we find it to be without merit.

The defendant cites *State v. Banks,* 564 S.W.2d 947, 951 (Tenn.1978) for the proposition that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice." The term "unfair prejudice" was defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." In the *Banks* case, the court was dealing with gruesome photographs of a murder victim which were of such shocking character that they would likely arouse passions and emotions. The probative value of the photographs was very limited or non existent. The *Banks* decision is not applicable when the proof offered is to establish an essential or material element of the crime for which a defendant is being tried. *Harrell v. State,* 593 S.W.2d 664 (Tenn.Cr.App. 1979).

In the unreported case of *State v. Michael Moore,* C.C.A. No. 120, Shelby County, filed at Jackson on December 23, 1980, this court rejected an identical theory urged by the defendant. In *Wilson v. State,* 574 S.W.2d 52 (Tenn.Cr.App.1978), this court held that a trial judge may reject an offer to stipulate and allow evidence to be presented if the evidence is relevant to the issues raised, so that the jury may properly assess the case and reach a proper verdict. Generally, the prosecution is free to reject the offer of a defendant to concede certain facts, and thereafter introduce evidence in support of the same facts. 30 Am.Jur.2d, *Evidence,* § 1133 (1967). We hold that the State was not compelled to accept the proffered stipulation in lieu of evidence. The evidence did not unfairly prejudice the defendant and was necessary to prove an essential element of the offense.

The defendant relies upon *Fouts v. State,* 374 So.2d 22 (Fla. 2d DCA 1979) and *United States v. Spletzer,* 535 F.2d 950 (5th Cir.

1976). These two cases hold that in an escape prosecution, it is reversible error for the State to prove the offense for which a defendant is in custody at the time of the escape. These two cases are not in accord with Tennessee law and the *Fouts* case is not in accord with Florida law. The *Fouts* case was expressly overruled by the Florida Supreme Court in *Parker v. State,* 408 So.2d 1037 (Fla.1982). In the *Parker* case, the Florida Supreme Court affirmed a holding contrary to *Fouts* by another panel of the Florida District Court of Appeals. In *Parker v. State,* 389 So.2d 336 (Fla. 4th DCA 1980), the court held that the State should not be forced into a stipulation, designed to keep relevant but damaging evidence from coming before the jury, when the evidence is not unfairly prejudicial. We agree with the Florida Supreme Court and the Florida 4th District Court of Appeals.

The judgment of the trial court is affirmed.

O'BRIEN, J., concurs.

DAUGHTREY, J., dissents.

DAUGHTREY, Judge, dissenting.

Because I believe the better rule is expressed in *United States v. Spletzer,* cited in the main opinion, I respectfully dissent from the conclusion reached by my colleagues in this case.