**STATE of Tennessee**

v.

**Aaron JAMES.**

Supreme Court of Tennessee, at Nashville.

July 12, 2002.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General, for the appellant, State of Tennessee.

Jeffrey A. DeVasher, Nashville, Tennessee, for the appellee, Aaron James.

## OPINION

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

The defendant, Aaron James, was charged with aggravated robbery, especially aggravated kidnapping, and attempted felony escape. Under the felony escape statute, Tenn.Code Ann. § 39–16–605, the State sought to prove, as an element of the offense, that the defendant was being held for a felony at the time of his escape. The defendant offered to stipulate that he had been convicted, and was being held as a felon in lieu of having his specific prior offenses presented to the jury. The State refused to stipulate, and at trial, the deputy warden of the prison testified to each of the defendant's prior felony convictions to prove the defendant's status as a convicted felon. The defendant was subsequently convicted on all charges. He appealed his aggravated robbery and especially aggravated kidnapping convictions, arguing that his offer to stipulate rendered evidence of

his prior convictions irrelevant and unfairly prejudicial. The Court of Criminal Appeals reversed the defendant's judgments of conviction, holding that the trial court erred by allowing the State to introduce evidence of the defendant's prior felonies to prove the "prior-conviction" element of the offense of felony escape. On appeal by the State, we hold (1) that the defendant's prior felonies constitute relevant evidence establishing the prior-conviction element of the offense of felony escape; but (2) that when the sole purpose of introducing the defendant's prior convictions is to prove the "prior-conviction" element of the charged offense, and when the defendant offers to stipulate to this element, the probative value of this evidence is, as a matter of law, outweighed by the risk of unfair prejudice under Tennessee Rule of Evidence 404(b). Consequently, because we find that the error in permitting the State to introduce the names of the defendant's prior felonies was not harmless, we reverse his convictions for aggravated robbery and especially aggravated kidnapping, and we remand the case for a new trial. The judgment of the Court of Criminal Appeals is affirmed.[1]

On March 2, 1998, the defendant, Aaron James, along with fellow inmate Tony Bobo, attempted to escape from the Riverbend Maximum Security Institution in Nashville. At the time of his attempted escape, James was serving sentences for especially aggravated robbery, second degree murder, and especially aggravated kidnapping.

The two inmates had made plans to escape for over a month. On the morning of March 2, during their outdoor exercise hour, the prisoners cut holes in their exercise cages and scaled a fence surrounding the exercise yard. They then ran to where Anna Blythe, an employee of the Tennessee Department of Correction, had parked her delivery truck containing food and supplies to be delivered to the prison.

Bobo grabbed Ms. Blythe, held a homemade prison knife to her neck, and ordered her to give him the keys to the truck and to get inside. The defendant, who was unarmed, had entered the truck on the passenger side. Bobo pushed Ms. Blythe into the truck via the driver's side and climbed into the driver's seat after her. He then attempted to drive the truck through two chain-link fences surrounding the perimeter of the prison. After two attempts, the truck penetrated the first fence, but was unable to penetrate the second fence. Within moments, correctional officers surrounded and fired upon the truck, and the defendant convinced Bobo to surrender. Ms. Blythe was released unharmed.

The defendant and Bobo were subsequently charged with especially aggravated kidnapping, aggravated robbery, and attempted felony escape.[2] Before trial, the defendant filed a motion to strike from the indictment for attempted felony escape any reference to the name or nature of his prior convictions, arguing that such evidence was irrelevant and unfairly prejudicial. The defendant offered instead to stipulate to his prior convictions for which he was lawfully incarcerated at the time of the attempted escape. The trial court denied the motion, citing as authority for its ruling *State v. Wingard*, 891 S.W.2d 628, 633 (Tenn.Crim.App.1994), which held that

---

1. Oral argument was heard in this case on May 2, 2002, in Sevierville, Sevier County, Tennessee, as part of this Court's S.C.A.L.E.S. (**Supreme Court Advancing Legal Education for Students**) project.

2. The original indictment contained multiple counts that are not a part of this record, and which were dismissed by the State.

because an accused's prior convictions constitute an essential element of the offense of felony escape, Tenn.Code Ann. § 39–16–605, the names of these prior convictions are admissible.

At trial,[3] the unamended indictment was read to the jury. The deputy warden of the prison also testified, over the defendant's renewed objection, that at the time of James's attempted escape, James was serving sentences for especially aggravated robbery, second degree murder, and especially aggravated kidnapping. Based upon all of the evidence presented at trial, the jury found the defendant guilty on all counts.[4] The defendant appealed his convictions for aggravated robbery and especially aggravated kidnapping, arguing that his offer to stipulate to his status as a convicted felon satisfied the "prior-convictions" element of felony escape,[5] thereby rendering any reference to the name or nature of his prior convictions irrelevant and unfairly prejudicial.

The Court of Criminal Appeals agreed with the defendant's argument, holding (1) that because the State only had to prove that the defendant was being held for a felony at the time of his attempted escape, the specific name or nature of his prior felonies was irrelevant; and (2) that any reference to the name or nature of his prior convictions was unfairly prejudicial and, therefore, inadmissible. The intermediate court also concluded that the admission of the highly prejudicial evidence of the defendant's prior convictions was not harmless error. Accordingly, it reversed the defendant's judgments of conviction for aggravated robbery and especially aggravated kidnapping and remanded the case for a new trial on these offenses.

We then granted the State permission to appeal on the issue of whether the trial court committed reversible error by admitting the names of the defendant's prior convictions for the purpose of proving the "prior-conviction" element of the offense of felony escape. For the reasons given herein, we hold (1) that the names of the defendant's prior felonies constitute relevant evidence establishing the prior-conviction element of the offense of felony escape; but (2) that when the sole purpose of introducing the names of the defendant's prior convictions is to prove the "prior-conviction" element of the charged offense under Tennessee Code Annotated section 39–16–605, and when the defendant offers to stipulate to this element, the probative value of this evidence is, as a matter of law, outweighed by the risk of unfair prejudice. Moreover, the admission of evi-

---

**3.** On the morning of trial, Bobo entered guilty pleas to his charged offenses.

**4.** In his brief to the Court of Criminal Appeals, the defendant stated that he was convicted of especially aggravated kidnapping and aggravated robbery based upon the theory of criminal responsibility for the conduct of another. Tenn.Code Ann. § 39–11–402(2) (1997). This statute provides, in pertinent part,

A person is criminally responsible for an offense committed by the conduct of another if:

. . . .

(2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense.

**5.** Felony escape is defined, in pertinent part, in section 39–16–605 (1997):

(a) It is unlawful for any person arrested for, charged with, or convicted of an offense to escape from a penal institution. . . .

(b) A violation of this section is

. . . .

(2) A Class E felony if the person was being held for a felony.

dence of the specific offenses for which the defendant had previously been convicted was not harmless error, and consequently, we affirm the judgment of the Court of Criminal Appeals and remand the case for a new trial on the charges of aggravated robbery and especially aggravated kidnapping.

## ANALYSIS

The principal issue in this case is whether the trial court committed reversible error in denying the defendant's motion to stipulate to his status as a convicted felon and instead, admitting evidence of the defendant's prior convictions for especially aggravated robbery, second degree murder, and especially aggravated kidnapping. As a threshold matter, we note that the trial court admitted the evidence at issue under Tennessee Rule of Evidence 404(b), citing as authority the decision in *State v. Wingard,* 891 S.W.2d 628, 633 (Tenn.Crim. App.1994) (stating that Rule 404(b) governs the admissibility of prior convictions). However, the Court of Criminal Appeals, while acknowledging *Wingard's* application of Rule 404(b), relied on the United States Supreme Court's decision in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), to exclude the defendant's other-crimes evidence as unfairly prejudicial under Rule 403. The court concluded, "[W]e cannot ignore the fact that the ruling [in *Old Chief*] construed application of [Federal Rule of Evidence] 403, which is identical to [Tennessee] Rule 403, and, as such, we find the ruling to provide persuasive authority for the case before us." The disparity in the lower courts' application of the evidentiary rules suggests strongly that courts are unclear as to the proper rule to apply when determining the admissibility of specific instances of a person's prior conduct. Consequently, before we decide the issue presented before us, we undertake to clari-

fy when Evidence Rules 401, 403, and 404(b) should be applied.

## PROPER APPLICATION OF RULES 401, 403, AND 404(b) TO EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS

 Initial questions of admissibility of evidence are governed by Tennessee Rules of Evidence 401 and 403. Patterned after their federal counterparts, these rules require that the trial court must first determine whether the proffered evidence is relevant. Under Rule 401, evidence is deemed relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." In other words, "evidence is relevant if it helps the trier of fact resolve an issue of fact." Neil P. Cohen, et al., *Tennessee Law of Evidence* § 4.01[4], at 4–8 (4th ed.2000).

 Only after the court finds that the proffered evidence is relevant does the court then weigh the probative value of that evidence against the risk that the evidence will unfairly prejudice the trial. If the court, in its discretionary authority, finds that the probative value is *substantially* outweighed by its prejudicial effect, the evidence may be excluded. Tenn. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."). Clearly, Rule 403 is a rule of admissibility, and it places a heavy burden on the party seeking to exclude the evidence. *See Roy v. Diamond,* 16 S.W.3d 783, 791 (Tenn.Ct.App.1999). "Excluding relevant evidence under this rule is an extraordinary remedy that should be used sparingly and persons seeking to exclude otherwise admissible and relevant evidence have a significant

burden of persuasion." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 227 (Tenn.Ct. App.1999).

 However, when the evidence to be admitted consists of "other crimes, wrongs, or acts" that *reflect upon the character of the accused,*

> the procedure set forth in Rule 404(b) should be followed, even though the evidence is offered to prove a material fact not necessarily related directly to the accused. If, after hearing the evidence, the trial court finds that the evidence does not implicate the accused, the weighing of probative value against unfair prejudice will be made pursuant to Rule 403. If the court finds that the evidence reflects upon the character of the accused, the weighing will be made pursuant to Rule 404(b).

*State v. DuBose*, 953 S.W.2d 649, 655 (Tenn.1997). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
>
> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>
> (3) The court must exclude the evidence if its probative value is out-

weighed by the danger of unfair prejudice.

The theory underlying Rule 404(b) is that the admission of other-acts evidence poses a substantial risk that a trier of fact may convict the accused for crimes other than those charged. *See, e.g., State v. Rickman*, 876 S.W.2d 824, 828 (Tenn.1994) ("The general rule excluding evidence of other crimes is based on the recognition that such evidence easily results in a jury improperly convicting a defendant for his or her bad character or apparent propensity or disposition to commit a crime."). Consequently, to minimize the risk of unfair prejudice accompanying the introduction of other-acts evidence, Rule of Evidence 404(b) establishes several protective procedures that must be followed before other-acts evidence is admissible. *See* Cohen, et al., *Tennessee Law of Evidence* § 4.04[7][b], at 4–76; *see also DuBose*, 953 S.W.2d at 652.

 First, upon request, the trial court must hold a jury-out hearing on the admissibility of other-acts evidence to determine whether the evidence is relevant to prove a material issue other than the character of the accused. Second, upon a finding of relevance, the court must find and state on the record the specific issue to which the evidence is relevant. Nevertheless, the other-acts evidence will only be admitted when the court balances the probative value of the evidence against its prejudicial effect and concludes that the evidence lacks sufficient probative value to outweigh the danger of unfair prejudice presented by such evidence. Tenn. R. Evid. 404(b);[6] *see also State v. Bigbee*, 885

---

**6.** Whereas the balancing test of Rule 403 favors admission, that is, evidence is excluded only when the probative value is *substantially* outweighed by the danger of unfair prejudice, the "starting point in considering testimony regarding prior offenses [under Rule 404(b)], when offered as substantive evidence of guilt and not merely for purposes of impeachment, is a rule of exclusion," *State v. Rounsaville*, 701 S.W.2d 817, 820 (Tenn.1985). Conse-

S.W.2d 797, 806 (Tenn.1994); *State v. Parton*, 694 S.W.2d 299, 303 (Tenn.1985). If the procedures in Rule 404(b) are substantially followed, the trial court's decision will be given great deference and will be reversed only for an abuse of discretion. *DuBose*, 953 S.W.2d at 652.

This procedure for admitting other-acts evidence under Tennessee Rule of Evidence 404(b) represents a significant departure from that set forth in the federal rules. First, Federal Rule of Evidence 404(b) does not establish the strict procedural prerequisites to the admissibility of other-acts evidence that its Tennessee counterpart requires. *See State v. McCary*, 922 S.W.2d 511, 514 (Tenn.1996). Second, once the district court makes a finding that the evidence is relevant under Federal Rule 404(b), the court does not further subject that evidence to a presumption of exclusion; rather, the court must only apply the balancing test in Rule 403 to determine its admissibility. As the Sixth Circuit has explained, the proper application of Federal Rules 404(b) and 403 is as follows:

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts."... [T]he government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified

purpose ... is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.

*United States v. Merriweather*, 78 F.3d 1070, 1076–77 (6th Cir.1996) (emphasis in original). Clearly, the federal rules present a significantly different evidentiary roadmap for determining the admissibility of other-acts evidence. In Tennessee, the admissibility of other-acts evidence will be decided either on a Rule 401/403 analysis, or a Rule 404(b) analysis, depending on whether the evidence reflects upon the character of the accused. Consequently, the Court of Criminal Appeals plainly erred in relying on the federal procedure set out in *Old Chief*, that is, the use of Rule 404(b) in conjunction with Rule 403, for determining the admissibility of the defendant's other-crimes evidence.

Turning now to the evidence at issue in this case, we conclude that the trial court was correct in utilizing Rule 404(b) to determine the admissibility of the defendant's other-crimes evidence. Applying the rationale set forth in *DuBose*, it is patently clear that this other-crimes evidence "reflects upon the character of the accused." Accordingly, we must now address the principal issue in this case, that is, whether the trial court properly admitted evidence of the defendant's prior felonies, or whether the court should have excluded this evidence as either irrelevant or unfairly prejudicial under the balancing test of Rule 404(b)(3).

quently, Rule 404(b) constitutes a more restrictive admissions test, excluding evidence

more frequently than the test in Rule 403.

## APPLICATION OF RULE 404(b) TO DETERMINE ADMISSIBILITY OF DEFENDANT JAMES'S PRIOR FELONY CONVICTIONS

 Rulings on the admissibility of evidence are largely within the sound discretion of the trial court, and on appellate review, a trial court's ruling to admit or exclude evidence will not be disturbed unless it appears that such a ruling amounts to an abuse of that discretion. *DuBose,* 953 S.W.2d at 652. When, as in this case, the admissibility of the proffered evidence must also comply with Rule 404(b), and the trial court followed the procedures mandated by that rule, our standard of review is also abuse of discretion. *Id.* " '[A]n appellate court should find an abuse of discretion when it appears that the trial court applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.' " *State v. Stevens,* 78 S.W.3d 817 (Tenn.2002) (quoting *State v. Shuck,* 953 S.W.2d 662, 669 (Tenn.1997)).

### *Specific Reference to Defendant's Prior Felonies as Relevant Evidence, Tenn. R. Evid. 404(b)(2)*

 Rule 404(b)(2) requires that the trial court should admit other-acts evidence only upon an affirmative finding "that a material issue exists other than conduct conforming with a character trait." In this case, the trial court cited *State v. Wingard,* 891 S.W.2d 628 (Tenn.Crim.App. 1994), for the proposition that where the defendant's prior felony convictions constitute an essential element of the offense of felony escape, Tenn.Code Ann. § 39–16–605(b)(2), evidence of the name and nature of each conviction is relevant to satisfy a material issue other than character. The Court of Criminal Appeals disagreed and held instead that the defendant's proffered stipulation rendered *irrelevant* any refer-

ence to the name or nature of his prior convictions. The intermediate court cited to *State v. Culp,* 891 S.W.2d 232 (Tenn. Crim.App.1994), which concluded that because the felony escape statute only requires proof that the defendant was being held for a felony at the time of his attempted escape, "[it is] not necessary for the name of the felony to be alleged, instructed, or proven." *Id.* at 236.

In this case, the State appealed the intermediate court's decision, arguing that *Culp* stood only for the proposition that the State is not *required* to name the defendant's prior felonies, but that it is not error for the State to do so. Accordingly, it urges this Court to hold that, regardless of the defendant's willingness to stipulate, evidence of the specific offenses for which the defendant had previously been convicted is relevant to establish the prior-conviction element of the offense of felony escape.

 This jurisdiction has long held that the name or nature of crimes other than that for which the defendant is on trial is relevant to establish an essential element of the crime for which the defendant is being tried. *See, e.g., State v. Wingard,* 891 S.W.2d 628, 633–34 (Tenn. Crim.App.1994) (allowing the specific nature of the prior offenses to be admitted into evidence to satisfy an essential element of the offense of felony escape); *State v. Blackmon,* 701 S.W.2d 228, 232 (Tenn.Crim.App.1985) (stating that in escape prosecutions, it is proper to admit the name or nature of an accused's prior convictions); *Lacey v. State,* 506 S.W.2d 809, 811 (Tenn.Crim.App.1974) ("It is material to the crime of escape to show that the defendant was in the custody of the penal system and, therefore, it is admissible to show his previous conviction which resulted in his confinement."). *Culp* is not inconsistent with this rule. Instead, it mere-

ly states that the name of the felony for which the defendant is incarcerated at the time of his or her escape is not *required* to be "alleged, instructed, or proven." *Culp,* 891 S.W.2d at 236.

▮▮▮▮ Moreover, it is well settled that the prosecution is free to reject the offer of a defendant to stipulate certain facts. *See State v. Smith,* 644 S.W.2d 700, 701 (Tenn.Crim.App.1982); *see also State v. Griffis,* 964 S.W.2d 577, 595 (Tenn.Crim. App.1997) (stating that a stipulation requires the acquiescence of all parties to the litigation). "[A]n accused cannot marshal the evidence of the State by simply offering to stipulate to a fact for the purpose of barring the State from introducing admissible, demonstrative evidence the accused does not want the jury to see." *Griffis,* 964 S.W.2d at 595. In lieu of accepting a stipulation to certain facts, the State may satisfy its burden of proving every element of the charged offense beyond a reasonable doubt, *see State v. West,* 767 S.W.2d 387, 394 (Tenn.1989), by introducing evidence of its own choice in support of those same facts. *Smith,* 644 S.W.2d at 701. Consequently, a mere offer to stipulate evidence does not render that evidence irrelevant under Rule 404(b)(2).

In this case, the felony escape statute requires the State to prove that the accused was being held for a felony at the time of his escape from a penal institution. Tenn.Code Ann. § 39–16–605(b)(2). Here, the State introduced into evidence the defendant's previous convictions of especially aggravated robbery, second degree murder, and especially aggravated kidnapping. On this preliminary issue of relevancy, we hold, applying the long-standing law in this jurisdiction, that (1) the State was not required to accept the stipulation, and (2) specific reference to the defendant's prior felonies made his prior-conviction status

more probable than it would have been without the evidence, thereby constituting relevant evidence under Rule 404(b). Accordingly, we affirm the trial court's ruling on this issue.

### *The Probative Value of Other–Crimes Evidence Balanced Against Its Prejudicial Effect, Tenn. R. Evid. 404(b)(3)*

Although relevant, other-acts evidence may be excluded under 404(b) if its probative value is outweighed by the danger of unfair prejudice. The State contends that because the General Assembly chose to make a defendant's prior conviction an essential element of the offense of felony escape, it does not unfairly prejudice the defendant when the State proves that element by introducing "the name of the past crime rather than an indeterminate, unspecified felony." The defendant, in turn, urges this Court to adopt the rule established by the United States Supreme Court in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Indeed, although we decline to follow the federal procedural analysis in *Old Chief,* we find *Old Chief's* substantive rationale on the issue of the probative value of prior-convictions evidence to be most persuasive. The defendant in *Old Chief* was charged with possession of a firearm by a convicted felon in violation of a federal statute. Like the defendant in this case, Old Chief offered to stipulate to his prior felony conviction, arguing that his offer of stipulation rendered evidence of the name and nature of his prior offenses inadmissible as irrelevant and unfairly prejudicial. The Government refused to join the stipulation, arguing that it had a right to present its own evidence of the defendant's prior convictions. The trial court agreed, and it allowed the Government to introduce into evidence the judgment record for

the prior conviction. Old Chief was convicted of the charged offense, and the Ninth Circuit Court of Appeals affirmed Old Chief's conviction, holding that the admission of the name of his prior crime was not an abuse of discretion.

The Supreme Court granted *certiorari* and held that the trial court abused its discretion when it rejected Old Chief's offer to stipulate to his prior conviction and instead admitted the full record of a prior judgment. Although the Court acknowledged the standard rule that a defendant's offer to stipulate an element of the offense generally cannot prevail over the Government's choice to offer evidence showing guilt, the Court distinguished between stipulations to a status element of the offense as opposed to stipulations to other elements of the offense:

> [W]hen the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him[,] . . . . the fact of the qualifying conviction is alone what matters.
>
> . . . .
>
> Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the . . . weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other.

*Old Chief,* 519 U.S. at 190–91, 117 S.Ct. 644.

We are persuaded by the rationale in *Old Chief* and consequently hold that the trial court erred in admitting evidence of the specific offenses for which the defendant had been previously convicted instead of accepting his stipulation concerning his status as a felon. There can be little doubt that a trier of fact will view an individual with a substantial criminal history as more likely to have committed a crime than an individual with little or no past criminal history. *See, e.g., People v. Allen,* 429 Mich. 558, 420 N.W.2d 499, 503–04 (1988). As this Court has recognized, "a real probability exists that the jury could be overwhelmed by the sheer volume of prejudicial evidence and that the jury could be tempted to convict based upon a defendant's propensity to commit crimes rather than convict solely upon evidence relating to the charged offense." *State v. Mallard,* 40 S.W.3d 473, 488 (Tenn.2001) (citations omitted). This danger is especially prevalent when, as in this case, a prior conviction is similar to other charges in a pending case, which only increases the likelihood that " 'a jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense.' " *Id.*

Accordingly, we hold that when the sole purpose of introducing evidence of a defendant's prior convictions is to prove the status element of the offense, and when the defendant offers to stipulate his status as a felon, the probative value of the evidence is, as a matter of law, outweighed by the risk of unfair prejudice. Therefore, in this limited instance, the trial court should have accepted the defendant's stipulation in lieu of disclosing the names or nature of his previous convictions, as the latter evidence had little probative value and was likely to provoke the jury's preju-

dice.[7]

## HARMLESS ERROR ANALYSIS

 The final issue for our consideration is whether the evidence of the defendant's prior felonies, admitted in this case to prove the prior-convictions element of the offense of felony escape, constituted harmless error. A violation of an evidentiary rule may not mandate reversal if the error "was more probably than not harmless." *State v. Martin*, 964 S.W.2d 564, 568 (Tenn.1998). Harmless error analysis applies to virtually all evidentiary errors other than judicial bias and denial of counsel. *See Wilson v. State*, 724 S.W.2d 766, 769 (Tenn.Crim.App.1986). No judgment of conviction will be reversed unless the errors complained of "affirmatively appear to have affected the result of the trial on the merits." Tenn.Crim. P. 52(a); *see also State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn.2000). Accordingly, when examining the effect of an error on the trial, we will evaluate that error in light of all of the other proof introduced at trial. *Gilliland*, 22 S.W.3d at 274.

 In his brief to the Court of Criminal Appeals, the defendant stated that his convictions for especially aggravated kidnapping and aggravated robbery were based on the theory of criminal responsibility for another person's conduct in committing these offenses. Criminal responsibility is not a separate, distinct crime, but is solely a theory by which the State may prove the defendant's guilt of the alleged offenses based upon the conduct of another person. *See State v. Lemacks*, 996 S.W.2d 166, 170 (Tenn.1999). Under the statute, a person is criminally responsible for an offense committed by another if, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn.Code Ann. § 39–11–402(2). Consequently, to be criminally responsible for another under the statute, the defendant must have acted with *intent* to "promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense." A person acts with intent as to the nature or result of conduct when it is that person's conscious objective or desire to engage in the conduct or cause the result. *See* Tenn.Code Ann. § 39–11–302(a) (1997); *see also State v. Carson*, 950 S.W.2d 951, 954 (Tenn. 1997).

In this case, the record reflects that the inmates had planned their escape for over a month. The plan was to cut holes in their exercise cages and then jump over the fence surrounding the recreation yard. However, only Tony Bobo's cage had an outlet leading to the yard. Consequently, on the morning of Monday, March 2, the defendant had to cut a hole in the fence separating his cage from Bobo's and then crawl through the hole in Bobo's cage to get to the yard.

Tony Bobo testified at trial that "at some point" during the escape, the defendant tried to back out of the plan. Bobo responded to the defendant's hesitation by placing his homemade knife "up against [James's] chest" and threatening him. He stated at trial that he would have stabbed James had he not gone through with the plan. However, on cross-examination, Bobo conceded that in his statement to the Department of Correction, given soon af-

---

7. We note that in *Wingard*, there is no evidence that the defendant offered to stipulate to his prior convictions. Accordingly, we find that the decision in *Wingard* remains good law in those situations where the defendant *does not offer to stipulate to his or her prior offenses.*

ter he was caught attempting to escape, he never mentioned threatening the defendant.

Ms. Blythe, the victim in this case, also testified. She stated that Bobo tried to run her delivery truck through the perimeter fences leading out of the complex. However, after two attempts, he failed to do so. After his second attempt, the defendant ordered, "Lock your door." Shortly after his statement, Ms. Blythe heard "some thumping noise," and she realized that it was the sound of bullets hitting the truck. Soon thereafter, at the defendant's suggestion, the inmates surrendered.

After a thorough review of the record, we conclude that the evidence of guilt in this case, while sufficient, was less than overwhelming to support the defendant's convictions for aggravated robbery and especially aggravated kidnapping based upon criminal responsibility. Accordingly, we are unable to conclude that the admission of the highly prejudicial evidence of the defendant's prior convictions for especially aggravated robbery, second degree murder, and especially aggravated kidnapping—similar crimes to those for which the defendant is charged in this case—constituted harmless error. Thus, we affirm the judgment of the Court of Criminal Appeals in reversing the defendant's judgments of conviction and in remanding the case for a new trial.

### CONCLUSION

In summary, we hold that evidence of the specific offenses for which the defendant had previously been convicted is relevant to establish the prior-conviction element of the offense of felony escape. However, we also hold that when the only purpose of the other-acts evidence is to prove the defendant's status as a convicted felon, and when the defendant offers to stipulate to his prior convictions, the names of the offenses should not be admitted into evidence because the risk of unfair prejudice outweighs their probative value.

Therefore, for the reasons given herein, the judgment of the Court of Criminal Appeals is affirmed, and this case is remanded for a new trial on the charges of aggravated robbery and especially aggravated kidnapping. Costs of this appeal are assessed to the State of Tennessee for which execution shall issue if necessary.