IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs July 16, 2003

**STATE OF TENNESSEE v. BRANDY D. FORREST**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-T-113     Carol L. Soloman, Judge**

---

**No. M2002-02434-CCA-R3-CD - Filed August 11, 2003**

---

A Davidson County jury convicted the defendant, Brandy D. Forrest, of driving under the influence, first offense. The trial court imposed a sentence of eleven months and twenty-nine days with twenty days incarceration followed by probation. On appeal, the defendant asserts the trial court erred by allowing irrelevant and prejudicial testimony and a videotape to be presented to the jury. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Ross E. Alderman, Public Defender; and Patrick G. Frogge (at trial and on appeal) and Jonathan Farmer (at trial), Assistant Public Defenders, for the appellant, Brandy D. Forrest.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ryan Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Officer Shawn Taylor of the Nashville Metropolitan Police Department testified that on September 5, 2001, at approximately 2:00 a.m., he observed the defendant drive her vehicle around a curve and strike a stone wall next to the roadway. Officer Taylor testified he approached the vehicle and, although the defendant appeared to be upset, she stated she was not injured. The officer testified the defendant's speech was slurred; she smelled strongly of alcohol; and she was unsteady on her feet. The officer then observed in the car one broken bottle of beer; several unopened bottles of beer; and one opened bottle of beer. When he asked her if she had been drinking alcohol, the defendant replied that she had "not had hardly nothing." The defendant informed the officer that she was unable to perform field sobriety tests due to her injuries. The officer also stated the defendant made various racial slurs and threatened to sue him. Based upon the defendant's demeanor, Officer Taylor opined she was intoxicated. The videotape of the incident also reveals the defendant refused to take a breathalyzer test.

The defendant testified she has a speech impediment, which makes her words appear slurred. She stated she also has a pierced tongue and was wearing jewelry in her tongue when she was arrested. She denied drinking any alcohol that night.

The defendant testified she was worried about wrecking her boyfriend's vehicle because her boyfriend had been violent with her in the past. She stated she became angry when Officer Taylor refused to call her boyfriend, and she "overreacted." The defendant explained that she has a bad temper and lost control of it. She further testified she was unable to perform the field sobriety tests due to leg injuries.

The jury convicted the defendant of driving under the influence, first offense.

## I. EVIDENTIARY ISSUES

The defendant contends the trial court erred in admitting irrelevant and unfairly prejudicial evidence during the trial. We discern no basis for relief.

We first note that the defendant filed a statement of the evidence rather than a transcript of the proceedings. *See* Tenn. R. App. P. 24(c). The state contends the information set forth in the statement of the evidence is insufficient for purposes of appellate review. However, upon reviewing the statement, we conclude it contains sufficient information as to permit us to adequately address the issues presented on appeal.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Once the court concludes the evidence is relevant, the court should exclude the evidence if its probative value is substantially outweighed by its prejudicial effect. Tenn. R. Evid. 403; State v. James, 81 S.W.3d 751, 757 (Tenn. 2002). A trial court's decision as to the relevance of evidence under Rule 401 will be reversed only upon a showing of abuse of discretion. State v. Powers, 101 S.W.3d 383, 395 (Tenn. 2003).

### A. Testimony Regarding the Defendant's Occupation

Officer Taylor testified the defendant told him that she was an exotic dancer and worked at an adult club called "Showtime." The officer stated he had previously conducted an investigation of the club and noticed that "the exotic dancers sometimes drank alcohol." Defense counsel objected to the testimony, and the trial court overruled the objection.

The defendant's occupation was relevant because the defendant informed the officer that she had just left her place of employment when the accident occurred. We are unable to conclude the evidence regarding the defendant's occupation was so unfairly prejudicial as to bar its admission. *See* Tenn. R. Evid. 403. Therefore, this testimony was properly admitted.

However, Officer Taylor's testimony that exotic dancers "sometimes" drink alcohol was inadmissible. This testimony was irrelevant to the issue of whether the defendant had consumed alcohol on this particular occasion. Therefore, the trial court erred in admitting this testimony.

Regardless, such error was harmless in light of the strong evidence of guilt. *See* Tenn. R. App. P. 36(b).

## B. Testimony Regarding the Defendant's Use of Racial Slurs

Officer Taylor testified that during his encounter with the defendant, she became hostile and used racial slurs. Defense counsel objected to the testimony, and the trial court overruled the objection.

The testimony was relevant to establish the defendant's belligerent demeanor as evidence of intoxication. *See* State v. Richard A. Green, No. 03C01-9812-CC-00422, 1999 Tenn. Crim. App. LEXIS 806, at *11 (Tenn. Crim. App. Aug. 9, 1999, at Knoxville) (considering the defendant's belligerent behavior as proof of intoxication). Officer Taylor testified that he concluded the defendant was intoxicated based upon her hostile and uncooperative demeanor. Moreover, this testimony was not so unfairly prejudicial as to bar its admission. *See* Tenn. R. Evid. 403. Therefore, the trial court did not abuse its discretion by admitting this evidence.

## C. Videotape of the Arrest

Officer Taylor's vehicle was equipped with a video camera that recorded his encounter with the defendant. Over defense counsel's objection, the prosecution introduced the videotape of the incident and played it for the jury. For approximately one hour during the videotaped encounter, the defendant cried hysterically, continuously requested that the officer call her boyfriend, refused to follow instructions during the administration of the field sobriety tests, refused to consent to a breathalyzer test, yelled, repeatedly cursed at the officer, and made numerous racial remarks. The defendant contends the trial court erred in refusing to redact statements regarding the defendant's profession and various racial slurs from the videotape. We disagree.

The videotape was relevant to illustrate the extent to which the defendant was impaired. The defendant maintained she had not consumed alcohol that evening and was not intoxicated at the time of the incident. However, the defendant's hysterical rantings as illustrated on the videotape arguably show otherwise. *See* State v. Carl Martin, No. W2002-00066-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 12, at **23-24 (Tenn. Crim. App. Jan. 2, 2003, at Jackson) (holding the defendant's videotaped "profane and wicked rantings" were relevant and admissible in showing the defendant's impairment). The videotape is especially probative as it was the only physical evidence of the defendant's intoxication. The defendant refused to perform field sobriety tests and refused to take a breathalyzer test. The probative value of the videotape was not substantially outweighed by its danger of unfair prejudice. *See* Tenn. R. Evid. 403. Therefore, we conclude the trial court did not abuse its discretion in permitting the jury to view the videotape.

## II. CUMULATIVE EFFECT

The defendant contends the cumulative effect of the errors requires reversal. However, we have noted only one error and have concluded the error was harmless. Therefore, this issue is without merit.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE