IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 15, 2005 Session

## STATE OF TENNESSEE v. GARY DARRELL DICKEY

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1804     Weber McCraw, Judge**

———————————

**No. W2005-00722-CCA-R3-CD  - Filed December 22, 2005**

———————————

Following a bench trial, the defendant was convicted of driving under the influence (DUI) *per se*. See Tenn. Code Ann. § 55-10-401(a)(2).  On appeal, the defendant contends: (1) the trial court erred in admitting the blood alcohol test because the test was administered almost three hours after the event of driving thereby rendering the test results unreliable; (2) this court should establish a bright line rule regarding what is a reasonable time between the event of driving and subsequent withdrawal of blood from the accused; (3) the trial court erred in denying his motion for judgment of acquittal; (4) the evidence was insufficient to support his conviction.  After review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Terry Abernathy, Selmer, Tennessee, for the appellant, Gary Darrell Dickey.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The following evidence was presented at the bench trial.  On March 2, 2003, at 12:31 a.m., State Trooper Kevin Curtis was called to investigate an accident in McNairy County.  He arrived at the scene of the accident around 1:00 a.m.  Upon investigation, he determined that the defendant was the driver of the vehicle involved in the accident, and the defendant had been transported to a hospital in Madison County for treatment of his injuries.  Having smelled a strong odor of alcohol in the vehicle, Trooper Curtis proceeded to the hospital and, around 2:30 a.m., spoke to the

defendant. The defendant acknowledged that he was the driver of the vehicle involved in the accident, and that he had consumed about six beers while at a bar. Trooper Curtis noticed that the defendant smelled of alcohol and his speech was lethargic. Trooper Curtis requested that the defendant submit to a blood alcohol test and the defendant consented to the withdrawal of blood at approximately 3:05 a.m. The defendant was subsequently placed under arrest. The results of the test indicated that the defendant's blood alcohol content was .14 percent.

## ANALYSIS

At the onset of our review, we note that while the defendant presents four issues for review, he makes only one argument in his brief. Relying on State v. Greenwood, 115 S.W.3d 527 (Tenn. Crim. App. 2003), he asserts that "[t]he results of the blood-alcohol analysis conducted on the blood sample taken from the Defendant should not have been admitted into evidence in this case because an unreasonable length of time expired between the alleged event of driving and the collection of blood from the Defendant, and that such unreasonable period of time patently renders the results of such testing unreliable." Because the substance of the defendant's argument relates to the admissibility and sufficiency of the blood alcohol test, we will review it as such.

### I. Admissibility

With respect to the admissibility of the blood alcohol test evidence, we discern no error. A trial court's decision as to the admissibility of evidence will be reversed only upon a showing of abuse of discretion. See State v. Powers, 101 S.W.3d 383, 395 (Tenn. 2003); State v. James, 81 S.W.3d 751, 759 (Tenn. 2002). When attempting to exclude otherwise admissible and relevant evidence, the individual seeking exclusion bears a "significant burden of persuasion." James, 81 S.W.3d at 757-58.

Pursuant to Tennessee Code Annotated section 55-10-406, an otherwise lawfully obtained blood alcohol test is admitted unless the defendant expressly refuses to submit to testing, or the defendant does not consent to the release of the test results if the defendant was unconscious or incapable of consenting at the time the blood sample was drawn. See Tenn. Code Ann. § 55-10-406. See also State v. Huskins, 989 S.W.2d 735, 738 (Tenn. Crim. App. 1998).[1] Here, the defendant does not argue that the state failed to meet any prerequisites for the admission of the blood alcohol test. Instead, the defendant requests that this court establish a bright line rule regarding what is a reasonable time between the event of driving and subsequent withdrawal of blood from the defendant. In State v. Greenwood, we declined to formulate such a bright line rule, though we acknowledged that the withdrawal of blood must be administered within a "reasonable time" after the event of driving. Greenwood, 115 S.W.3d at 533. Looking at the record before us, it is

---

[1] As a caveat, we note that effective July 1, 2005, approximately five months after the defendant's conviction, the legislature rewrote subsection (a) to include an additional prerequisite to the admission of a blood alcohol test. The statutory language plainly states that "[f]or the results of such test or tests to be admissible as evidence, it must first be established that all tests administered were administered to the [accused] within two (2) hours following such person's arrest or initial detention." Tenn. Code Ann. § 55-10-406(a)(1) (Supp. 2005).

undisputed that the defendant voluntarily submitted to the blood alcohol test. As such, we are satisfied that the trial court properly admitted the test.

## II. Sufficiency

The defendant also challenges the sufficiency of the convicting evidence, arguing that the evidence was insufficient to establish beyond a reasonable doubt that he was driving with a blood alcohol content of .08 percent or more because the blood alcohol test was administered almost three hours after the alleged event of driving, thereby rendering the test results unreliable.

Our review begins with the well-established rule that once a guilty verdict is rendered, the defendant's presumption of innocence is removed and replaced with a presumption of guilt. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the guilty verdict. State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R. App. P. 13(e). In contrast, a guilty verdict by the trier of fact accredits the testimony of the state's witnesses and resolves all conflicts in the evidence in favor of the state's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. Carruthers, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. Bland, 958 S.W.2d at 659.

Turning to the defendant's sufficiency challenge, we initially note that Greenwood guides our analysis. In Greenwood, this court determined that the state was not required to offer extrapolation evidence when prosecuting under Tennessee's DUI statutes. Greenwood, 115 S.W.3d at 532. To clarify, extrapolation is the use of scientific evidence to relate a DUI defendant's blood alcohol level at the time of the testing back to the time of the operation of the vehicle. Id. at 531. Adopting the majority position, this court recognized that the difficulties inherent in extrapolation would place an impossible burden on the state. Id. at 532. We stated:

> Even if we assume extrapolation evidence can be sufficiently reliable, the necessary variables may not be within the knowledge of the state and are singularly within the knowledge of the defendant; thus, the state will be unable to acquire the necessary information. For example, only the defendant may know when and how much he or she last ate, as well as when, how much, and how fast he or she last consumed alcohol. In short, the necessary extrapolation evidence could only be obtained with reliable information furnished by the defendant.

> Id.

Notwithstanding our conclusion that extrapolation evidence is not required in a DUI prosecution, we noted that the defendant was free to introduce evidence contesting the reliability of the blood alcohol test results. Id. We also noted that "evidence of the defendant's physical condition at the time of arrest or at the time of administration of the test is relevant to the issue of blood alcohol content." Id. However, we emphasized that "a proper blood alcohol test administered at a reasonable time after the defendant has been driving . . . constitutes circumstantial evidence upon which the trier of fact may, but is not required to, convict the defendant of DUI." Id. at 532-33. Therefore, "[a]ny delay between driving and testing may be considered by the trier of fact as to the *weight* to be given the test." Id. at 533 (emphasis added).

As previously noted, the defendant asks this court to determine when a lapse of time between driving and testing for alcohol intoxication becomes so great as to prevent a rational trier of fact from finding guilt. As in Greenwood, we decline to formulate a bright line rule.[2] See id. Instead, based upon review of the evidence in this case, we conclude that the evidence proffered by the state supports the defendant's DUI conviction. Here, nothing in the record suggests that the blood alcohol test was unreliable, or that the lapse of time between the event of driving and the blood alcohol testing was unreasonable. The evidence presented at trial reflects that around 1:00 a.m., Trooper Curtis investigated an accident. During the course of this investigation, he discovered that the defendant was the driver of the vehicle involved in the accident, and the defendant had been transported to a hospital in another county for treatment of his injuries. Trooper Curtis also smelled alcohol in the defendant's vehicle. Therefore, Trooper Curtis elected to drive to the hospital to speak with the defendant. Around 2:30 a.m., Trooper Curtis spoke with the defendant at the hospital. During this conversation, the defendant admitted that he was the driver of the vehicle involved in the accident. He also admitted that he had consumed about six beers. In addition, Trooper Curtis noted that the defendant smelled of alcohol. At approximately 3:00 a.m., the defendant consented to a blood alcohol test, which indicated that his blood alcohol content was .14 percent. Accordingly, the evidence was sufficient for the trier of fact to find the defendant guilty of DUI *per se* beyond a reasonable doubt.

## CONCLUSION

Based upon the foregoing reasoning and authorities, we affirm the judgment of the trial court.

---

[2] We note that Tennessee Code Annotated section 55-10-406(a)(1), as amended in 2005, does not change our analysis of this case. In this case, the defendant asks us to determine when the lapse of time between the *event of driving* and the *blood alcohol testing* becomes so unreasonable as to render the results of the testing unreliable and thus insufficient. The relevant language of section 55-10-406(a) indicates that a blood alcohol test is *inadmissible* if a lapse of time of two hours or more occurs between the *initial arrest or detention* and the *blood alcohol testing*. In this case, the record reflects that the blood alcohol test was administered within two hours following the defendant's initial detention.

_____
J.C. McLIN, JUDGE