IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 20, 2006 Session

## STATE OF TENNESSEE v. KENNETH D. HOOVER A.K.A. KENNETH JOHNSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-D-2641     Steve Dozier, Judge**

---

**No. M2006-00139-CCA-R3-CD - Filed February 8, 2007**

---

The defendant, Kenneth D. Hoover a.k.a. Kenneth Johnson, appeals his convictions and sentence. The defendant was found guilty of second degree murder (Class A felony), reckless endangerment (Class A misdemeanor), and possession of a weapon with the intent to employ it in the commission of a felony (Class E felony). The defendant received an effective sentence of twenty-nine years. On appeal, the defendant alleges that the trial court erred in admitting certain autopsy photographs and erred in imposing an excessive sentence. After review, we affirm the judgments of conviction and sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Jay Norman and Larry H. Hagar, Nashville, Tennessee, for the appellant, Kenneth D. Hoover a.k.a. Kenneth Johnson.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela S. Anderson and Rachel Sobrero, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case concerns a shooting by the defendant of two victims in a parking garage in Printers Alley early on the morning of May 4, 2004. One victim, Shawn Griffin, suffered fatal wounds, and the other victim, Kenneth Jones, survived. The defendant was indicted for first degree premeditated murder of Shawn Griffin, attempted first degree premeditated murder of Kenneth Jones, and possession of a deadly weapon with the intent to employ it in the commission of an offense. A jury found the defendant guilty of second degree murder of Griffin, reckless endangerment as relates to

Jones, and possession of a deadly weapon with the intent to employ it in the commission of an offense.

At approximately 3:00 a.m. on May 4, 2004, a large crowd moved from Boots Reverb in Printers Alley of Nashville, into the Alley and a nearby parking garage. Shawn Griffin and Kenneth Jones were walking together in the parking garage when the defendant approached them and addressed Griffin. The defendant then began firing a weapon, wounding Jones in the leg. The defendant fired multiple shots at Griffin, who sustained three bullet wounds. The defendant fled the scene on foot but was captured shortly after the shooting.

Photographs

The defendant's first issue alleges that the trial court erred in admitting certain autopsy photographs of the victim, Shawn Griffin. The four pictures were introduced, over the defendant's objection, during the testimony of Dr. Feng Li, the Assistant Medical Examiner for Davidson County and Metropolitan Nashville. The defendant had not contested that he shot the victim and argues the photographic evidence was not relevant to any consequential issue in this cause and only served to inflame the jury against the defendant.

The State responds that the photographs assisted Dr. Li in demonstrating the trajectory of the bullets through the victim's body and were not particularly gruesome so as to cause unfair prejudice.

The admission of evidence is entrusted to the sound discretion of the trial court, and its ruling on admissibility will not be disturbed except on a strong showing of abuse of discretion. See State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997). Reviewing courts should find an abuse of discretion only "when it appears that a trial court applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997). The evidence must be relevant to some issue at trial, and its probative value must be weighed against the danger of unfairly prejudicing the defendant. State v. Robinson, 146 S.W.2d 469, 490 (Tenn. 2004). The exclusion of relevant evidence is proper only if the probative value "is substantially outweighed by its danger of unfair prejudice." Tenn. R. Evid. 403. Excluding relevant evidence under Rule 403 is an extraordinary remedy, and a proponent of such an exclusion has a significant burden of persuasion. State v. James, 81 S.W.3d 751, 757-58 (Tenn. 2002). The prosecution's right to prove its case may not be foreclosed by a defendant's characterization of the proof as undisputed or by a defendant's offer to stipulate certain factual issues. Robinson, 146 S.W.3d at 491.

The trial court found the photographs to be relevant to show the angle of the bullet wounds and further observed that the photos were neither unduly gruesome nor misleading. We agree with the trial court's finding of relevance and assessment of the photographs. The medical examiner used the photographs in conjunction with showing on the defendant's body the paths of the wounds internally. The four photographs were all external views of the entrance and exit wounds on the victim's body. There was no depiction of any internal wounds or surgical openings. In terms of

forensic photographs, these images are comparatively benign. We conclude that the photographs assisted the medical examiner in his testimony concerning the trajectory of the wounds and ultimately explaining the cause of the victim's death. The evidence was probative of relevant issues and unlikely to inflame the passions of a jury.

## Sentencing

The defendant next asserts error by the trial court in sentencing. He asserts that one enhancement factor was improperly applied and that a mitigating factor was improperly omitted. The State defends the enhanced sentences by arguing that the disputed enhancement factor was properly applied and that the testimony supporting the defendant's desired mitigating factor conflicted with the evidence and the findings of the jury.

The defendant was sentenced to twenty-four years as a Range I, violent offender for second degree murder; eleven months and twenty-nine days for reckless endangerment; and four years as a multiple offender for possession of a weapon in the commission of a felony. The latter two offenses were consecutive to the second degree murder sentence and to each other, for an effective sentence of just less than twenty-nine years.

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. T.C.A. § 40-35-401(d). However, this presumption is conditioned upon an affirmative showing that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, then our review is de novo without a presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). To facilitate review, the trial court should record the reasoning involved in imposing the specific sentence, identify which enhancement and mitigating factors apply and the facts supporting them, and articulate the method by which the mitigating and enhancement factors have been evaluated and balanced in calculating the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). A reviewing court should uphold the sentence imposed if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The appealing party has the burden of demonstrating that a sentence is improper. T.C.A. § 40-35-401, Sentencing Commission Comments, Arnett, 49 S.W.3d at 257.

At sentencing, the trial judge found five aggravating factors: (1) the defendant has a history of criminal convictions in addition to those necessary to establish the appropriate range; (2) the defendant has a history of previous unwillingness to comply with conditions involving release in the community; (3) the defendant possessed and employed a deadly weapon during the commission of the offense; (4) ". . . there was risk to other individuals, human beings, in addition to those that were, in fact, injured"; and (5) the felony was committed while on probation from a prior felony conviction. The trial judge found no mitigating factors were applicable.

Of the enhancement factors found, the defendant takes issue with only one, risk to other individuals in addition to those who were injured. The trial judge did not reference the number of the statutory enhancement factors contained in Tennessee Code Annotated section 40-35-114, but the defendant assumes it to have been number twelve (12). Were this in fact the case, it would be inapplicable in that it further conditions its application only to defendants who have previously been convicted of a felony that resulted in death or bodily injury.

However, we will not presume error on the part of the trial court. The State had proposed in its statement of enhancement factors the applicability of Tennessee Code Annotated section 40-35-114(11), no hesitation about committing a crime when the risk to human life was high. In finding this enhancement factor appropriate, the trial judge stated, "I mean, there[']s no question about the number of people in the area in which these gunshots were fired, and would have that enhancement factor present." The evidence showed that both the parking garage and Printers Alley were extremely crowded from the disgorged concert attendees leaving the Boots Reverb club. There was testimony from Kenneth Jones that ten shots were fired. This obviously endangered others, both from a direct hit or a ricochet round. This enhancement factor, though applicable to all homicides as relating to the victim, may be considered when other persons' lives are endangered by the defendant. See State v. Kelley, 34 S.W.2d 471, 480 (Tenn. Crim. App. 2000).

The defendant further contends that the trial court should have found a mitigating factor from the testimony of the defendant's mother at the sentencing hearing. The defendant's mother testified that the defendant suffered from blackout spells and depression since an automobile accident in 1993. She also expressed her opinion that the defendant did not kill the victim in this accident. The trial judge accredited her testimony that the defendant had been seriously injured but rejected any relationship to the defendant's actions in this cause. The evidence does not preponderate against this finding and, accordingly, we affirm the trial court's conclusions.

Conclusion

We affirm the judgments of conviction from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE